UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 13-31442 |
| | ) | |

**EMERGENCY MOTION TO AUTHORIZE FINAL PAYMENTS TO KENTUCKY EMPLOYEE RETIREMENT SYSTEMS IN ORDINARY COURSE OF BUSINESS**

✼✼✼   ✼✼✼   ✼✼✼

Comes the Debtor, Seven Counties Services, Inc. ("Seven Counties" or the "Debtor"), by proposed counsel, and hereby moves the Court for entry of an order authorizing the Debtor to make two (2) payments to the Kentucky Employee Retirement Systems ("KERS") in the ordinary course of the Debtor's business. In support of this Emergency Motion, Debtor states as follows:

**Jurisdiction**

1.　Pursuant to 28 U.S.C. §§ 1334 and 157, the Court has jurisdiction to hear this Motion. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2). The statutory bases for the relief sought in this Motion are sections 105(a), 363(b), and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

**Background**

2.　On April 4, 2013 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, Debtor continues to operate its business and manage its assets as a debtor in possession.

3.　No trustee, examiner or creditors committee has yet been appointed in this case.

4. Seven Counties Services, Inc. was formed as a non-profit 501(c)(3) charitable organization on or around June 28, 1978. Seven Counties provides behavioral health and development services at twenty-one (21) dedicated service locations and one hundred twenty (120) school and community service sites in the counties of Bullitt, Henry, Jefferson, Oldham, Shelby, Spencer, and Trimble. It is the largest non-hospital, not-for-profit entity in the Louisville Metro area and currently employs approximately 1,400 healthcare, support, and administrative staff and serves 32,000 clients annually. Its annual budget exceeds $100,000,000.00.

5. The mission of Seven Counties is to build healthy communities by helping individuals and families who are affected by mental illness, developmental disabilities, addictions and abuse realize their potential.

6. General services provided by Seven Counties include case management, consultation, education and prevention, crisis intervention and stabilization, outpatient counseling, therapeutic rehabilitation, residential, vocational, detoxification, inpatient, transitional living, early intervention, in home support, and respite.

7. On January 24, 1979, pursuant to Executive Order 79-88 and KRS 61.510(3), Seven Counties became a participant in KERS.

8. By its *Motion to Reject Lease or Executory Contract with Kentucky Employee Retirement Systems* [Document No.9] (the "Rejection Motion"), the Debtor seeks the Court's approval of its termination of the contractual relationship, if any, with KERS and/or Kentucky Retirement Systems.

**Relief Requested**

9. By this Emergency Motion, Debtor seeks authorization to make two (2) payments to KERS in the ordinary course of Debtor's business as they become due in order to satisfy fully its obligations to KERS and Seven Counties' employees for the period prior to the Petition Date in which the Debtor was a KERS participant.

10. As a KERS participant, the Debtor remits payments to KERS as contributions withheld from wages on behalf of its employees. Said contributions are made in arrears to KERS in the ordinary course of the Debtor's business. Thus, the payments due for April 10, 2013 and April 24, 2013 (the "Final Payments") are technically pre-petition obligations owing by the Debtor.

11. The Final Payment to be made on April 10, 2013, is due in the approximate amounts of $733,324.00 from SCS and $209,862.00 withheld from employees. The Final Payment to be made on April 24, 2013, is due in the approximate amounts of $366,662.00 from SCS and $104,931.00 withheld from employees..

12. Debtor submits that the payments to be made to KERS are in the nature of employee benefits, and therefore may be considered contributions to an employee benefit plan entitled to priority status pursuant to § 507(a)(5) of the Bankruptcy Code.

13. As conveyed in the Rejection Motion, Debtor wishes to sever ties with KERS. However, it does not, at this time, intend to take any action which may impair its vested employees' or retirees' rights conferred during their tenure as KERS participants. Therefore, Debtor seeks the Court's authorization to make the Final Payments so its employees can receive the full value of their employee contributions to the retirement plan.

3

14. As stated above, a portion of the funds to be utilized to make the Final Payments were previously withheld from employees' compensation prior to the Petition Date; the funds are available to the Debtor and earmarked to pay KERS in the ordinary course of business.

15. Notice of this Emergency Motion has been given to the United States Trustee, all secured creditors of the Debtor, and the holders of the Twenty Largest Unsecured Claims against the Debtor. Because of the exigencies of the circumstances, Debtor submits that no other notice need be given.

WHEREFORE, the Debtor respectfully requests entry of an Order authorizing the Debtor to make its final payments to Kentucky Employee Retirement Systems in the ordinary course of business.

A proposed Order is tendered herewith.

Respectfully submitted,

/s/ Tyler R. Yeager
DAVID M. CANTOR
NEIL C. BORDY
CHARITY B. NEUKOMM
TYLER R. YEAGER
JAMES E. McGHEE III
SEILLER WATERMAN LLC
22nd Floor-Meidinger Tower
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: cantor@derbycitylaw.com
E-mail: bordy@derbycitylaw.com
E-mail: neukomm@derbycitylaw.com
E-mail: yeager@derbycitylaw.com
E-mail: mcghee@derbycitylaw.com
*Proposed Counsel for Debtor*

## CERTIFICATE OF SERVICE

It is hereby certified that on April 8, 2013, a true and correct copy of the foregoing Emergency Motion to Authorize Final Payments to Kentucky Employee Retirement Systems in the Ordinary Course of Business was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system to the electronic addresses as set forth in the ECF system to the U.S. Trustee and all other persons receiving electronic notifications in this case, (b) delivered via facsimile and/or electronic mail to all secured creditors of the Debtor and the holders of the Twenty Largest Unsecured Claims, and (c) mailed, first-class, postage prepaid, to all other persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served.

/s/ Tyler R. Yeager
TYLER R. YEAGER

G:\doc\DMC\7 Counties\Pldgs\Mot Auth Final KERS Pymts.doc