UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 13-31442 |
| | ) | |

**FIRST INTERIM ORDER GRANTING MOTION FOR AUTHORITY TO USE CASH COLLATERAL, AND TO PROVIDE ADEQUATE PROTECTION**

✯ ✯ ✯   ✯ ✯ ✯   ✯ ✯ ✯

This matter comes before the Court on the Motion for Authority to Use Cash Collateral and to Provide Adequate Protection (the "Motion") filed by Debtor, Seven Counties Services, Inc. ("Seven Counties" or "Debtor"), seeking, inter alia, pursuant to Sections 105, 361, and 363(c) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the following:

(i)   use of the Cash Collateral[1] on the terms provided herein;

(ii)  granting of adequate protection to Fifth Third Bank ("Fifth Third") to the extent provided herein; and

In connection with this request, **IT IS HEREBY FOUND** that:

(a)   On April 4, 2013 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107(a) and 1108[2] of the Bankruptcy Code, Debtor continues to operate its business and manage its property as a debtor in possession.

---

[1] Capitalized terms used herein but not defined herein have the same meaning as given them in the Motion, or if not defined therein, in the Bankruptcy Code.

[2] All statutes cited herein refer to the Bankruptcy Code unless otherwise specified.

1

(b) The Debtor and Fifth Third believe the Debtor's obligations to Fifth Third ("Obligations") include: (a) obligations under a revolving line of credit with Fifth Third as evidenced by that certain Revolving Note executed on October 25, 2010 payable by Debtor to Fifth Third (as amended, the "Note"); (b) obligations under Reimbursement Agreements dated December 1, 2005 and December 1, 2011, in connection with which Fifth Third issued letter of credit ("Letter of Credit") to secure bonds for which Bank of New York Mellon is the bond trustee. Fifth Third claims that some or all of Debtor's Obligations are secured by, among other things, first priority mortgage liens(s) in certain of Debtor's real property. In addition, Fifth Third claims a first priority security interest in, among other things, Debtor's cash collateral to secure amounts owed by Debtor under the Note. Fifth Third filed a UCC-1 financing statement filed with the Kentucky Secretary of State on May 29, 2007. At the time of the bankruptcy filing, the Debtor and Fifth Third believe the amount owed by Debtor to Fifth Third under the Note was approximately $1,580,000.00. Fifth Third claims the Letter of Credit principal exposure was approximately $5.5 million.

(c) Account debtors and Debtor deposit funds in an account with Fifth Third, which Debtor uses in the ordinary course to pay down the Note, in addition to other expenses, and into which Fifth Third deposits distributions on the Note. On the Petition Date, the Debtor held approximately $2,012,708.72 in this operating account. Debtor also has a payroll account with Fifth Third, and certain Client Accounts described in the Motion, in addition to deposit accounts and certificates of deposit not with Fifth Third.

(d) Debtor has outstanding accounts receivable from governmental sources, insurance companies, clients, and grants in the approximate amount of $12,123,808. Debtor estimates that $10,333,907 of the receivables are collectable.

(e) The entry of this Order (a) will minimize the disruption to Debtor's business that would otherwise result from the filing of the petition commencing Debtor's Chapter 11 case and will enhance the likelihood that Debtor will maintain patient care levels, (b) increase the likelihood that Debtor will be reorganized pursuant to the Bankruptcy Code, (c) is in the best interests of Debtor, its creditors, and their estates, and (d) is necessary to preserve the assets, businesses, goodwill, and reputations of Debtor.

(f) Proposed Counsel to Debtor has certified that notice of the Motion was given to (a) the United States Trustee for the Western District of Kentucky; (b) Fifth Third; (c) other secured creditors of Debtor; and (d) the parties listed on Debtor's List of Twenty Largest Unsecured Creditors.

(g) The terms and conditions of this Order have been negotiated by the parties at arm's length and in good faith and are fair and reasonable under the circumstances

(h) Debtor has requested immediate entry of this Order pursuant to Bankruptcy Rule 4001. The permission granted herein is necessary to avoid immediate and irreparable harm to Debtor pending a final hearing. Entry of this Order is in the best interests of Debtor and its estate and creditors.

Based upon the pleadings, evidence, and representations of counsel, the Court hereby grants the relief requested herein effective as of the Petition Date, *nunc pro tunc*, and

**IT IS HEREBY ORDERED** that:

### Jurisdiction

1. This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. § 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. §§157(b)(2)(A), (D), (G), (K), (M) and (O).

**Notice**

2. Sufficient and adequate notice of the Motion and the hearing with respect thereto has been given to prevent immediate and irreparable harm pursuant to Bankruptcy Rules 2002, 4001(b), and 9006, and as required by Section 102, 361, and 363 of the Bankruptcy Code.

**Authorization to Use Cash Collateral**

3. The Motion is granted on an interim basis through April 23, 2013 (the "First Interim Period"), subject to the terms and conditions set forth in this order;

4. As adequate protection for Debtor's continued use of cash collateral, Fifth Third hereby is granted (effective immediately and without the necessity of execution by Debtor or security agreements, financing statements, or otherwise) (i) a valid, enforceable, attached, and automatically perfected first priority assignment of and security interest in and lien on all of the existing and hereafter acquired right, title, and interest of Debtor in and to the Cash Collateral and post-petition accounts receivable solely for the First Interim Period and only to the same extent Fifth Third held valid, enforceable, and perfected security interests in the Cash Collateral prior to the Petition Date; (ii) monthly payments of interest to Fifth Third at the interest rates applicable and as and when required under the Reimbursement Agreement, which shall not exceed the prime rate plus 2%; and (iii) effective immediately, Fifth Third is authorized to administratively freeze the amount of $1,580,000.00 in the Debtor's operating account. Fifth Third is granted relief from the automatic stay provided by Section 362 of the Bankruptcy Code for the purposes of exercising such rights as may be available to Fifth Third pursuant to Section 553 of the Bankruptcy Code to set off the sum of $1,580,000.00 from Debtor's operating account

4

against the principal and interest amount due pursuant to the Note. Such relief is granted and shall be deemed effective on the fifteenth (15th) day following entry of this Interim Order without the necessity of entry of any additional orders absent an objection asserted to such relief (by a party other than the Debtor) in the fourteen (14) days following entry of this Interim Order. Provided that no party objects to the relief from the automatic stay provided by this Interim Order, this Interim Order shall not be subject to the 14 day stay of effectiveness provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

5. Fifth Third's security interest and liens shall be valid, enforceable, attached, and perfected as of the Petition Date without any further act and without regard to any other federal, state, or local requirements or law requiring notice, filing, registration, recording, possession or other act. Notwithstanding the foregoing, Fifth Third shall, if it elects to do so in its sole discretion, be authorized to file, record or otherwise take any steps to effectuate perfection.

6. Fifth Third's security interest and liens shall be senior to and shall not be subordinated or made equal to any lien, security interest, mortgage or any other interest in favor of any party, including any rights under section 506(c) of the Bankruptcy Code.

7. Debtor is authorized to do and perform all acts, to make, execute, and deliver all instruments and documents that may be required or necessary for Fifth Third to perfect the security interest herein granted.

8. The automatic stay created by Bankruptcy Code Section 362 hereby is modified and vacated to the extent necessary to permit Fifth Third to perform in accordance with, and exercise its rights pursuant to, this Order.

9. Debtor's authority to use Cash Collateral is subject to the following conditions:

    a. Debtor shall operate in substantial compliance with the Budget (as defined in the Motion), which it may modify, but only with the prior written consent of Fifth Third;

    b. Debtor shall deposit all Cash Collateral either at Fifth Third or in one or more segregated debtor-in-possession Deposit Accounts approved by the United States Trustee, with the financial institution holding the account(s) (if other than Fifth Third) having no rights of offset or other rights, except as necessary to cover customary fees and post-petition draws on the Deposit Account by Debtor;

    c. Debtor will comply with all laws, rules, regulations and requirements of any governmental authority;

    d. Debtor will, from time to time, execute and deliver to Fifth Third any statement, assignment, instrument, document, agreement or other paper and take such action as the Fifth Third may reasonably request to implement the terms of this Order.

10. Nothing in this Order shall be deemed to be or be construed as Fifth Third's acceptance of any plan of reorganization submitted at any time by Debtor or any other party, and nothing contained herein shall work in derogation of any other rights possessed by the Fifth Third under any and all applicable provisions of the Bankruptcy Code or other applicable law.

11. Nothing contained in this Order shall work in derogation of any and all contractual rights possessed by the Fifth Third with respect to Debtor or any co-obligor or guarantor, or any collateral or other property that is not property of Debtor's estate.

12. This Order shall be an interim order providing for the use of Cash Collateral during the First Interim Period, and a final hearing on the use of Cash Collateral shall be held at a place and time noticed by the Court. If any or all of the provisions of this Order hereafter are stayed, modified, or vacated, or a final order is not requested or granted with respect to the relief requested herein, such stay, modification, or vacation or lack of final order shall not affect (a) the validity of any indebtedness, obligation, or liability incurred by Debtor prior to the effective date of such stay, modification, or vacation, or (b) the validity and enforceability of any security interest, assignment, lien, or priority authorized or created hereby.

13. Nothing in this Interim Order shall be construed to find or hold that Fifth Third held valid, enforceable, and perfected security interests in the Cash Collateral prior to the Petition Date, and any security interest, assignment, lien, or priority authorized or created hereby shall be subject to all defenses or actions related to the security interest, assignment, lien, perfection, and priority claimed by Fifth Third on the Petition Date. Nothing herein shall be construed to modify the rights of Debtor, any party, committee or trustee to bring an action challenging the validity, enforceability, or perfection of Fifth Third's security interests in property of this estate.

14. Debtor's counsel shall serve the Motion and a copy of this Order on all of the following parties: (i) the United States Trustee, (ii) the attorneys for the Fifth Third, (iii) all creditors known to Debtor who have or may assert liens against Debtor's assets, (iv) Debtor's 20 largest unsecured creditors and (vi) all parties in interest who have filed a notice of appearance.

**SO ORDERED**

Having seen and agreed:

| | |
|---|---|
| /s/ James E. McGhee III | /s/ Brian H. Meldrum |
| DAVID M. CANTOR | BRIAN H. MELDRUM |
| NEIL C. BORDY | STITES & HARBISON PLLC |
| CHARITY B. NEUKOMM | 400 West Market Street |
| TYLER R. YEAGER | Suite 1800 |
| JAMES E. McGHEE III | Louisville, Kentucky 40202 |
| SEILLER WATERMAN LLC | Telephone: (502) 587-3400 |
| 22nd Floor-Meidinger Tower | Facsimile: (502) 587-6391 |
| 462 S. Fourth Street | E-mail: bmeldrum@stites.com |
| Louisville, Kentucky 40202 | |
| Telephone: (502) 584-7400 | and |
| Facsimile: (502) 583-2100 | |
| E-mail: cantor@derbycitylaw.com | ROBERT C. GOODRICH, JR. |
| E-mail: bordy@derbycitylaw.com | (pro hac vice pending) |
| E-mail: neukomm@derbycitylaw.com | STITES & HARBISON PLLC |
| E-mail: yeager@derbycitylaw.com | 401 Commerce Street |
| E-mail: mcghee@derbycitylaw.com | Suite 800 |
| *Proposed Counsel for Debtor* | Nashville, Tennessee 37219 |
| | Telephone: (615) 782-2200 |
| | Facsimile: (615) 782-2371 |
| | *Counsel for Fifth Third Bank* |

Having seen:

/s/ Charles R. Merrill
Charles R. Merrill, Esq.
U.S. Department of Justice
Office of the U.S. Trustee
601 W. Broadway, Ste 512
Louisville, Kentucky 40202
Tel: (502) 582-6000
Fax: (502) 582-6147
E-mail: charles.merrill@usdoj.gov

G:\doc\DMC\7 Counties\Pldgs\Emergency Motion to Use Cash Collateral - Order 8.doc