UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:                                          )
                                                )
SEVEN COUNTIES SERVICES, INC.                   )    CASE NO. 13-31442(1)(11)
                                                )
                Debtor                          )

## MEMORANDUM OPINION

This matter is before the Court on the Motion for *Nunc Pro Tunc* Authority (I) to Employ and Compensate Peritus Public Relations, LLC ("Peritus") Pursuant to 11 U.S.C. §1108 and (II) to Issue Payment for Reimbursable Expenses Incurred Pre-Petition ("the Application"), filed by Debtor Seven Counties Services, Inc. ("the Debtor"). The Court considered the Application, the Objection to the Application of Kentucky Employers Retirement Systems ("KERS") and Kentucky Retirement Systems ("KRS") and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Application.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 4, 2013, Debtor filed its Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code. Along with the Petition, Debtor also filed a number of "first day motions" including a Motion for an Order Authorizing Banks to Honor Pre-Petition Checks ("Checks Motion"). The Checks Motion sought an order authorizing the

payment of over 100 pre-petition checks listed on an attached exhibit which Debtor represented were necessary to Debtor's ongoing operations. The checks ranged in value from $5.31 to $256,597.22. Included in that list was a check issued to Peritus on April 4, 2013 in the amount of $14,839.

On April 5, 2013, following an expedited hearing, the Court entered an Order approving the Checks Motion which authorized Fifth Third Bank and Republic Bank to honor the pre-petition checks listed therein.

Subsequent to entry of the Order, Debtor states it was contacted by the United States Trustee's office which indicated it would object to the employment of any professional who negotiates a check listed in the Order. Therefore, Debtor instructed Peritus to hold the check until the matter was clarified by the Court.

On May 17, 2013, Debtor filed the Application.

On June 10, 2013, KERS and KRS filed their Objection to the Application.

## LEGAL ANALYSIS

Debtor seeks an order *nunc pro tunc* authorizing the employment of Peritus effective as of the date of the Petition, April 4, 2013. Debtor also seeks authority to issue payment to Peritus for reimbursable expenses incurred and paid pre-petition by Peritus to third party vendors on behalf of the Debtor.

The first issue before the Court is whether Peritus' employment by Debtor is governed by 11 U.S.C. §327. KERS and KRS contend §327 applies and Peritus cannot be employed because it is not a "disinterested person" as required by the statute.

Peritus is a "full service communication firm that offers expertise in public affairs, public relations, marketing and creative services to connect clients with political officials, community leaders and other targeted audiences." Application, p. 2. Peritus and Debtor entered into an Agreement for Services ("Agreement") on March 15, 2012. The Agreement summarizes Peritus' task as providing "public relations and public affairs support in Kentucky on all issues related to the ongoing effort to affect changes in their [Debtor] involvement in the Kentucky Retirement System." See, Agreement attached as Exhibit to the Application. The work is to include lobbying, third party advocacy and support of Debtor's efforts in restructuring its retirement plans and media relations. Peritus is to be paid a monthly retainer in the amount of $3,750, plus reimbursement for reasonable and necessary expenses.[1]

The Order entered by the Court on the Checks Motion authorized a payment to Peritus in the amount of $14,839.74. Debtor explained in the Application that $11,676.82 of that figure represents reimbursable expenses incurred and paid by Peritus pre-petition to third party vendors on behalf of the Debtor.

---

[1] The $3,750 figure has been modified to a monthly retainer payment of $3,500, plus reimbursement of reasonable and necessary expenses.

The Debtor states that subsequent to the entry of the Order on the Checks Motion, the United States Trustee's Office contacted Debtor and indicated it would object to the employment of any professional who negotiates a check listed in the Order. Therefore, Debtor instructed Peritus to hold the check until the matter is resolved through the Application.

The Debtor acknowledges that Peritus' representatives are "professional persons" due to their "special knowledge and skill" as court's have interpreted that term within the context of 11 U.S.C. §327(a). Debtor, however, contends that because Peritus is not assisting Debtor with any of its enumerated duties of a debtor-in-possession as set forth in 11 U.S.C. §1107, its employment is not governed by §327 and does not require Court approval. Debtor relies on a line of cases which hold that only professionals whose duties are related to the administration of the estate, not those performing services related to the day-to-day operations of the debtor's business, are subject to the requirements of §327(a). *See, Matter of Seatrain Lines, Inc.*, 13 B.R. 980 (Bankr. S. D. N. Y. 1981), *In re Johns-Mansville Corp.*, 60 B.R. 612 (Bankr. S.D. N.Y. 1986) and cases cited in the Application, p. 7.

While other courts have analyzed this issue in a variety ways, i.e. "the qualitative analysis", *Seatrain*, 13 B.R. 980 (Bankr. S. D. N.Y. 1981), and the "quantitative analysis", *In re Semenza*, 121 B.R. 56, 57 (Bankr. D. Mont. 1990), the Court finds the better approach is set forth in the case of *In re First Merchants Acceptance Corp.*, 1997 WL 873551 (D. Del. 1997). There, the court set forth a list of factors to consider which combines elements of

both the qualitative and quantitative approaches.  These factors are: (1) whether the employee controls, manages, administers, invests, purchases or sell assets that are significant to the debtor's reorganization; (2) whether the employee is involved in negotiating the terms of a plan of reorganization; (3) whether the employment directly relates to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations; (4) whether the employee is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate; (5) the extent of the employee's involvement in the administration of the debtor's estate; and (6) whether the employee's services involve some degree of special knowledge or skill, so that the employee can be considered a "professional" within the ordinary meaning of the term.  No one factor is dispositive and the factors should be weighed against each other and considered *in toto*.  In the final analysis, the real inquiry focuses on the type of duties performed and whether any special skills or training are necessary to carry out these duties.  *In re Triplett*, 2008 WL 2123743 (Bankr. E.D. Tenn 2008), citing *In re Am. Tissue, Inc.*, 331 B.R. 169, 173-74 (Bankr. D. Del. 2005).

In *Merchants*, the court determined that a company hired by the debtor to assist with the debtor's loan servicing operations was a "professional" because the company had a large degree of discretion in performing its work, the work required a specialized skill and the work was important to the administration of the estate.  In *Johns-Mansville*, the debtor had routinely hired lobbyists to represent its interests in the ordinary course of its business

pre-petition.  There, the court determined the lobbyists the debtor sought to retain were not "professionals" within the meaning of §327(a), stating,

> They were not hired to represent or assist Mansville in carrying out its duties under Title 11.  They did not play any part in negotiating a plan, adjusting debtor/creditor relationship, or disposing of or acquiring assets.

*Id.* at 621.

Here, Peritus was hired by Debtor for one month in 2012 when the Agreement was signed and again in February 2013.  Peritus was initially engaged to increase legislative and public support for Debtor's efforts to restructure its involvement with KERS.  As Debtor prepared to commence this Chapter 11 proceeding, Peritus' tasks were geared toward the Debtor's communication needs with its employees, the public, its consumers and its vendors.  While Peritus' employment was not as longstanding as the lobbyists in *Johns-Mansville*, like those lobbyists, Peritus is not performing any tasks of the Debtor enumerated in 11 U.S.C. §1107, nor is it involved in formulating the Debtor's plan of reorganization or the administration of the estate.  Other than the last factor of the *First Merchants* test, none of factors listed therein weigh in favor of classifying Peritus as a "professional" under §327.

The Court finds under either the analysis of *Johns-Mansville* or the broader test of *First Merchants*, Peritus' work for the Debtor will not involve any part in negotiating the plan, adjusting debtor/creditor relationships, disposing or acquiring assets or performing any duty required of the Debtor under the Code.  Weighing the factors in *First Merchants*

against one another and considering them *in toto*, Peritus is not a "professional" as the term is used in §327(a). Therefore, the Court need not consider the issue of "disinterestedness" under the statute and Peritus may negotiate the pre-petition check referenced in the Checks Motion.

In reaching a similar conclusion, the court in *In re ITG Vegas, Inc.*, 2007 WL 1087212 (Bankr. S.D. Fla.) approved the debtor's hiring of a political consultant under 11 U.S.C. §363 after first determining that the firm was not a "professional" under §327. Here Debtor seeks authorization to employ Peritus in conformity with a debtor-in-possession's discretion to operate its business under 11 U.S.C. §1108. The hiring of Peritus falls within the discretion of the Debtor to operate its business according to its business judgment. Accordingly, the Debtor may employ Peritus in accordance with the terms set forth in the Agreement.

The Court will also authorize the Debtor to hire Peritus *nunc pro tunc* effective the date of the Petition April 4, 2013. The Checks Motion was granted the day after the Petition was filed without objection. It was only after the entry of the Order that Debtor was notified by the U.S. Trustee's office that it would object to any professional negotiating any check in the Order. The Debtor prudently advised Peritus to withhold negotiating the check until it received clarification from the Court. It then sought clarification on the issue through the Application. There was no undue delay, nor will any party be prejudiced by granting the *nunc pro tunc* relief requested.

In reaching the conclusions herein, the Court considered the objections of KERS and KRS that the hiring of Peritus is a waste of estate resources. No authority was cited in support of this objection and considering the discretion afforded a debtor-in-possession's business judgment in operating its business, the Court does not find this to be a waste of estate resources. More importantly, although the United States Trustee indicated to Debtor that it would object if any "professional" negotiated a check listed in the Checks Motion, The Trustee did not file a written objection to the Application, nor did it voice any opposition to the Application at the hearing on the matter.

## CONCLUSION

For all the above reasons, the Court will grant the Motion for *Nunc Pro Tunc* Authority (I) to Employ and Compensate Peritus Public Relations, LLC Pursuant to 11 U.S.C. §1108 and (II) to Issue Payment for Reimbursable Expenses Incurred Pre-Petition of Debtor Seven Counties Services, Inc. An Order incorporating the findings herein accompanies this Memorandum Opinion.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: July 15, 2013

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SEVEN COUNTIES SERVICES, INC. ) | CASE NO. 13-31442(1)(11) |
| ) | |
| <u>             Debtor           </u> ) | |

**<u>ORDER</u>**

Pursuant to the Memorandum Opinion entered this date and incorporated herein, the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for *Nunc Pro Tunc Authority* (I) to Employ and Compensate Peritus Public Relations, LLC Pursuant to 11 U.S.C. §1108 and (II) to Issue Payment for Reimbursable Expenses Incurred Pre-Petition, be and hereby is, **GRANTED**. The Debtor is authorized, *nunc pro tunc* effective April 4, 2013 to employ and compensate Peritus Public Relations, LLC pursuant to 11 U.S.C. §1108 in accordance with the terms of the parties' Agreement attached as Exhibit A to the Application.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Peritus' acceptance of payment for reimbursable expenses incurred pre-petition as authorized by the Order authorizing banks to honor pre-petition checks [Document No. 15] shall not limit or waive Peritus' right to compensation under the Agreement for post-petition services rendered.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: July 15, 2013