UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE: )
 )
SEVEN COUNTIES SERVICES, INC. ) CASE NO. 13-31442(1)(11)
 )
　　　　　　　　　Debtor　　　　　 )

# MEMORANDUM OPINION

This matter is before the Court on the Motion for *Nunc Pro Tunc* Authority to Employ and Compensate Deming, Malone, Livesay & Ostroff CPAs Pursuant to 11 U.S.C. 327(a) and 328(a) of Debtor Seven Counties Services, Inc. ("Debtor"). The Court considered the Motion of Debtor, the Objection to *Nunc Pro Tunc* Application to Employ Deming, Malone, Livesay & Ostroff ("DMLO") filed by the United States Trustee for Kentucky and Tennessee, Samuel K. Crocker ("Trustee") and the comments of counsel for both parties at the hearing held on the matter. For the following reasons, the Court must deny the Application.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 4, 2013, Debtor filed its Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code.

Also on April 4, 2013, Debtor filed a Motion for an Order Authorizing Banks to Honor Pre-Petition Checks ("Pre-Petition Check Motion") in which Debtor requested authorization for Republic Bank & Trust Company to honor approximately $462,099.48 in checks issued by the Debtor prior to the date of the Petition. Included in that Motion was an $8,340 check issued to DMLO. The Court entered the requested Order on April 5, 2013 following an expedited hearing on the Motion.

On July 9, 2013, Debtor filed its Motion for Authority to Employ and Compensate Professionals Utilized in Ordinary Course of Business ("Ordinary Course Motion"). In the Ordinary Course Motion, Debtor indicated that it employed numerous professionals to handle issues that arose in the ordinary course of Debtor's operations prior to the Petition date. In order to continue operating as a Debtor-in-Possession, it was necessary to continue using these "ordinary course professionals." Therefore, Debtor requested approval to continue to pay and retain these professionals to perform such services as "medical billing services, auditing services, payroll services, information technology services and other services provided by specialized consultants" commonly used in Debtor's industry. Debtor appended to the Motion a list of its ordinary course professionals. DMLO was included in that list as "auditor of financial statements and employee benefits." Debtor represented that the companies and individuals listed in Exhibit A to the Ordinary Course Motion were not performing or assisting Debtor with tasks or duties enumerated in 11 U.S.C.§704(a), §1106(a) and §1107 and therefore, were not governed by 11 U.S.C. §327(a).

Shortly after the Ordinary Course Motion was filed, Debtor was contacted by the Trustee's office regarding the inclusion of DMLO in the Ordinary Course Motion. After conferring with the Trustee and in order to avoid an objection by the Trustee and delay approval of the employment of the other professionals referenced in the Motion, Debtor filed a *Nunc Pro Tunc* Application to Employ and to Compensate DMLO as Auditor on August 14, 2013. The purpose of this Motion was to have DMLO's employment reviewed by the Court and approved by separate motion and order. Debtor stated in that Motion that DMLO was to serve "as auditor to provide the estate with the benefit of independent and objective review" of Debtor's operations. DMLO would also continue to review the Debtor's financial reports and employment benefit packages and advise the Debtor of

-2-

any recommended changes in policy or procedures. Debtor disclosed in that Motion that it had included the $8,340 check to DMLO for pre-petition work in the Pre-Petition Check Motion filed April 5, 2013. Debtor also disclosed in that Motion that based on its expectation that DMLO's employment would be governed by the Ordinary Course Motion, it had paid DMLO $17,000 for services rendered post-petition. Debtor claimed this post-petition compensation was paid to DMLO for services made in the ordinary course of its business and according to normal business terms.

On September 13, 2013, the Trustee filed an Objection to Debtor's *Nunc Pro Tunc* Application to Employ DMLO as Auditor in which it contended that DMLO's employment as a professional was governed by 11 U.S.C. §327(a), not 11 U.S.C. §1108.

The Court held a hearing on October 15, 2013 on the Debtor's *Nunc Pro Tunc* Application to Employ DMLO as Auditor. It was determined by the Court that an evidentiary hearing was needed to determine the scope and nature of the auditing work to be performed by DMLO and scheduled an evidentiary hearing for October 29, 2013.

On October 23, 2013, Debtor filed its Motion for *Nunc Pro Tunc* Authority to Employ and Compensate DMLO Pursuant to 11 U.S.C. §327(a) and 328(a) ("§327 Motion"). In this Motion, Debtor again disclosed that it had paid DMLO $17,000 for post-petition work on behalf of Debtor for work it considered to be performed in the ordinary course of business in accordance with normal business terms. Debtor further disclosed that subsequent to the hearing on October 15, 2013, counsel for Debtor learned for the first time that DMLO's services to the Debtor were not limited to auditing but also includes preparation of Debtor's Form 990 income tax return and Form 5500, a report concerning Debtor's employees' benefit plans. Debtor therefore requested that DMLO's employment be approved pursuant to 11 U.S.C. §327(a) and that the Court approve payment of the

fees and expenses pursuant to §328(a). Debtor recognized in the §327 Motion that the $17,000 payment may be avoidable pursuant to 11 U.S.C. §549(a)(2)(B). Debtor seeks *Nunc Pro Tunc* approval to April 4, 2013, the date the Petition was filed, for DMLO's employment pursuant to 11 U.S.C. §327(a) and §328(a). On October 23, 2013, Debtor also filed a Motion to Withdraw its *Nunc Pro Tunc* Application to Employ and Compensate DMLO as Auditor Pursuant to 11 U.S.C. §1108.

On November 14, 2013, the Trustee filed its Objection to Debtor's *Nunc Pro Tunc* Application to Employ DMLO Pursuant to 11 U.S.C. §327(a) and 328(a).

## **LEGAL ANALYSIS**

Initially, Debtor sought to have DMLO approved as an "ordinary course" professional pursuant to 11 U.S.C. §1108 to perform auditing services. Following an initial hearing on the Ordinary Course Motion, the Court scheduled an evidentiary hearing in order to have the parties present evidence as to the extent of the services to be performed by DMLO. However, prior to that hearing, Debtor withdrew the Ordinary Course Motion and filed the pending *Nunc Pro Tunc* Application to Employ DMLO Pursuant to 11 U.S.C. §327(a) because counsel subsequently learned that DMLO prepares tax returns on behalf of the Debtor, in addition to its auditing services. The Court cannot approve DMLO's *Nunc Pro Tunc* Application to Employ DMLO Pursuant to 11 U.S.C. §327.

The Bankruptcy Code clearly requires prior court approval of employment of professionals such as "attorneys, accountants, appraisers and auctioneers." *See* 11 U.S.C. §327(a) and 1107(a). The purpose of these Code sections is to allow the court an opportunity to perform a screening process, verify the necessity of the appointment, limit estate expenses and promote efficient administration of the bankruptcy estate. 3 *Collier on Bankruptcy*, §327.03 (Alan N. Resnick &

Henry J. Sommer eds., 16th ed 2013); *In re Alexander*, 469 B.R. 684, 686 (Bankr. W.D. Ky. 2012). Prior approval is strongly preferred because it permits close supervision of the administration of the estate and ensures that assets of the estate are not wasted. *In re Renaissance Residential of Countryside, LLC*, 423 B.R. 848,859 (Bankr. N.D. Ill. 2010).

The Sixth Circuit has strictly construed the provisions 11 U.S.C. §327 and has not hesitated to disqualify professionals who fail to meet the statutory criteria, even though there may be practical reasons for retaining them. *See In re Federated Department Stores, Inc.,* 44 F.3d 1310 (6th Cir. 1995); *In re Eagle-Picher Industries,* 999 F.2d 969 (6th Cir. 1993); and *In re Middleton Arms, L.P.*, 934 F.2d 723 (6th Cir. 1991). The fact that the services rendered may have been beneficial to the Debtor and performed in good faith is immaterial to the analysis. "The rule must necessarily be firm in order to maintain control of costs." *In re Providence Television Ltd. Partnership*, 113 B.R. 446, 451 (Bankr. N.D. Ill. 1990).

The statute is very clear that the debtor, with court approval, may employ an accountant or other professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons . . .." *See* 11 U.S.C. §327(a). The term "adverse interest" is undefined by the Code, but has been judicially interpreted to mean either (1) the possession or assertion of any economic interest that would tend to lessen the value of the estate or create an actual or potential dispute with the estate as a rival claimant, or (2) a predisposition of bias against the estate. *In re Vebeliunas*, 231 B.R, 181, 188 (Bankr. S.D. N.Y. 1999). The Code does provide, in pertinent part, a definition of a "disinterested person",

(14) The term "disinterested person" means a person that –

(A) is not a creditor, an equity security holder, or an insider;
(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason;

11 U.S.C. §101(14). It is well settled that receipt of an avoidable payment by a professional from a debtor makes the professional no longer disinterested and the professional cannot be employed by the estate under 11 U.S.C. §327(a). *See Halbert v. Yousif*, 225 B.R. 336 (E.D. Mich. 1998); *In re 419 Co.,* 133 B.R. 867 (Bankr. N.D. Ohio 1991) *In re Bartley Lindsay Co.,* 120 B.R. 507, 513 (Bankr. D. Minn. 1990). Receipt of a post-petition transfer by a professional without court approval makes the professional no longer disinterested and ineligible for employment under 11 U.S.C. §327.

Debtor recognized the problem created by the receipt of the $17,000 payment in its *Nunc Pro Tunc* Application. Debtor, however, seeks to avoid this problem by classifying these payments to DMLO for services that were strictly performed as "ordinary course professionals." While Debtor initially wanted DMLO's employment to be approved for only auditing services that it considered to have been performed in the ordinary course of business, in fact, DMLO's services also include preparation of income tax returns and reports concerning Debtor's employees' benefit plans. These services are clearly the type of services for which employment must be approved pursuant to §327(a).

This Court addressed the issue of the term "other professional" as used in 11 U.S.C. §327 when Debtor sought to hire Peritus Public Relations, LLC, a public relations and lobbying firm. *See* Dkt. 201, Memorandum Opinion. Using the test set forth in the *In re Merchants Acceptance Corp.*,

-6-

1997 WL 873551 (D. Del. 1997), the Court determined Peritus was not a "professional" person under 11 U.S.C. §327(a). The Court sees a vast distinction between the nature of the services provided by Peritus to the Debtor and those provided by DMLO.

Accountants play an integral role in the administration of the bankruptcy estate and provide a specialized skill requiring, to a large extent, discretion in performing its work. Accountants are specifically defined by the Code under 11 U.S.C. §101(a) and are clearly not "other professional persons" under 11 U.S.C. §327(a), as they are specifically referenced along with attorneys, appraisers and auctioneers in the statute. The work of the professionals in the case of Peritus were not services inextricably related to the administration of the estate assets.

Debtor requests that the Court retroactively approve DMLO's employment to the date of the Petition. The Court need not address the factors required by the Sixth Circuit for *nunc pro tunc* relief as set forth in *In re Twinton Properties Partnership*, 27 B.R. 817 (Bankr. M.D. Tenn. 1983) as adopted in *In re Aultman Enterprises*, 264 B.R. 485, 489-90l (E.D. Tenn. 2001). One of the *Twinton* factors is that the professional sought to be employed must satisfy all of the criteria for employment pursuant to 11 U.S.C. §327 and Rule 2014 at or before the time services were actually commenced and remained qualified during the period for which the services were provided. Debtor cannot satisfy the requirements of disinterestedness of DMLO under 11 U.S.C. §327 based on its receipt of post-petition payments, which were not previously approved by the Court. Accordingly, the *Nunc Pro Tunc* Application must be **DENIED**.

## **CONCLUSION**

For all of the above reasons, the Motion for *Nunc Pro Tunc* Authority to Employ and Compensate Deming Malone Livesay & Ostroff CPAs Pursuant to 11 U.S.C. §327(a) and 328(a), be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  January 9, 2014

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE: )
)
SEVEN COUNTIES SERVICES, INC. ) CASE NO. 13-31442(1)(11)
)
Debtor )

### ORDER

Pursuant to the Memorandum Opinion entered this date and incorporated herein by reference and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for *Nunc Pro Tunc* Authority to Employ and Compensate Deming Malone Livesay & Ostroff CPAs Pursuant to 11 U.S.C. §327(a) AND 328(a), be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 9, 2014