UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 13-31442 |
| | ) | |

**DEBTOR'S MOTION FOR AN ORDER ESTABLISHING FINAL DATE TO FILE REQUESTS FOR ALLOWANCE OF ADMINISTATIVE CLAIMS AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

✶✶✶   ✶✶✶   ✶✶✶

Comes the Debtor, Seven Counties Services, Inc. (the **"Debtor"**), by counsel, and hereby files this motion (the **"Instant Motion"**) seeking entry of an order (the **"Administrative Claim Bar Date Order"**), (a) establishing the deadline by which applications by parties, other than professionals, seeking payment of administrative expenses arising prior to June 30, 2014. In support of this Motion, Debtor states as follows:

**Jurisdiction**

1.  This Court has jurisdiction to consider the Instant Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.  On April 4, 2013 (the **"Petition Date"**), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, modified, or supplemented, the **"Bankruptcy Code"**). In accordance with §§ 1107(a) and 1108 of the Bankruptcy Code, Debtor continues to operate as a debtor in possession.

3. Seven Counties Services, Inc. was formed as a non-profit 501(c)(3) charitable organization on or around June 28, 1978. Seven Counties provides behavioral health and development services at twenty-one (21) dedicated service locations and one hundred twenty (120) school and community service sites in the counties of Bullitt, Henry, Jefferson, Oldham, Shelby, Spencer, and Trimble. It is the largest non-hospital, not-for-profit entity in the Louisville Metro area and currently employs approximately 1,400 healthcare, support, and administrative staff and serves 32,000 clients annually. Its annual budget is approximately $100,000,000.00.

4. On June 13, 2013, the Court entered an Order Granting Debtor's Motion for an Order (A) Setting a Bar Date for Filing Proofs of Claim; and (B) Approving Form of Notice of Bar Date (Doc. 164) (the **"General Bar Date Order"**). The General Bar Date Order set August 8, 2013 as the last day to file proofs of claim.

5. On August 27, 2014, the Court entered an Order Setting a Bar Date for Filing Proofs of Claim under Bankruptcy Rule 3002(c)(4) (Doc. 540) (the **"Rejection Bar Date Order"**). The Rejection Bar Date Order set the later of September 30, 2014, or 90 days after the order approving rejection as the last day to file proofs of claim.

6. The General Bar Date Order and the Rejection Bar Date Order did not establish a last date to file a request for payment of an administrative claim.

## Relief Requested

7. Debtor requests entry of an order establishing **September 30, 2014** (the **"Administrative Claim Bar Date"**), as the deadline by which all entities, including governmental units, must file an application with respect to any claim that (a) may have arisen, accrued, or otherwise become due and payable subsequent to the Petition Date, but prior to June

30, 2014; (b) is allowable as an administrative expense claim under section 503(b) of the Bankruptcy Code; and (c) is entitled to first priority under section 507(a)(1) of the Bankruptcy Code (an **"Administrative Claim"**).

8. The Debtor believes that the Administrative Claim Bar Date is necessary to aid it in obtaining accurate information concerning the nature, validity, and amount of the Administrative Claim that may be asserted against the estate. This deadline will provide creditors and parties in interest subject to the Administrative Claim Bar Date Order with an excess of thirty days from the date of this Instant Motion to file their respective applications for the allowance and payment of administrative expenses.

9. As set forth above, the Debtor does not intend for the establishment of the Administrative Claim Bar Date to have any effect on the General Claim Bar Date or the Rejection Claim Bar Date, nor does the Debtor seek to have the Administrative Claim Bar Date apply to applications for approval of professional fees and expenses pursuant to section 330 of the Bankruptcy Code or to individuals or service providers supplying goods or services after June 30, 2014.

## The Form and Manner of Notice of the Administrative Claim Bar Date

10. The Debtor proposes that the Court's Order approving the Administrative Claim Bar Date serve as the notice in this case. The Debtor respectfully submits that its proposed order is sufficient to notify parties of the need to file an application for payment of their respective administrative expenses if they wish to assert such status.

11. Within five (5) business days of the entry of Administrative Claim Bar Date Order, the Debtor will serve the Administrative Claim Bar Date Order by the Court's CM/ECF system or first class mail on all known entities holding potential Administrative Claims.

**Authority in Support of Relief**

12.     The Bankruptcy Code "does permit the parties to establish a bar date by which time all administrative expenses must be asserted against the debtor or face discharge and it permits the parties to define the kinds of administrative expenses that are recoverable after confirmation." *Caradon Doors & Windows, Inc. v. Eagle-Picher Industries, Inc. (In re Eagle-Picher Indus.)*, 447 F.3d 461, 465 (6th Cir. 2006) (citing *Highlands Ins. Co. v. Alliance Operating Corp. (In re Alliance Operating Corp. )*, 60 F.3d 1174, 1177 (5th Cir. 1995); *Langel v. Kmart Corp. (In re Kmart Corp. )*, No. 03C7091, 2004 U.S. Dist. LEXIS 3149 (N.D. Ill. Feb. 27, 2004)); *see also PT-1 Long Distance, Inc. v. PT-1 Techs., Inc. (In re PT-1 Communs., Inc.)*, 403 B.R. 250, 259 (Bankr. E.D.N.Y. 2009) (""Although there is no provision relating to a bar date for requesting an administrative expense payment, courts may set such a date pursuant to Bankruptcy Code § 105.") (citing *In re Reams Broad. Corp.*, 153 B.R. 520, 522 (Bankr. N.D. Ohio 1993)).

13.     "Administrative expenses are priority claims against an estate. 11 U.S.C. § 507(a)(1). Accordingly, it behooves all parties concerned to have such claims filed early to expedite the distribution of the estate to the creditors." *Reams*, 153 B.R. at 522. "Allowing requests for administrative expense payment to be filed at any time would have the same effect as allowing proofs of claim to be filed at any time, undermining 'the institutional means of ensuring the sound administration of the bankruptcy estate.'" *PT-1*, 403 B.R. at 259 (quoting In re Hooker Invest., Inc., 937 F.2d 833, 840 (2d Cr. 1991). The Administrative Claim Bar Date would permit the Debtor to more expeditiously resolve this case. It would ensure that the Court may adjudicate timely any disputed administrative claims and permit the Debtor to consummate a plan that provides for treatment of administrative claims as provided by the Bankruptcy Code.

WHEREFORE, the Debtor requests that this Court approve the Motion, including all terms as proposed herein; and to order such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ James E. McGhee III
CHARITY B. NEUKOMM
JAMES E. McGHEE III
SEILLER WATERMAN LLC
Meidinger Tower - 22nd Floor
462 S. Fourth Street
Louisville, KY 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: Neukomm@derbycitylaw.com
E-mail: mcghee@derbycitylaw.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

It is hereby certified that on August 27, 2014, a true and correct copy of the foregoing was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system at the electronic addresses as set forth in the ECF system to all persons receiving electronic notifications in this case, and (b) mailed, first-class, postage prepaid, to those persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served.

/s/ James E. McGhee III
JAMES E. McGHEE III

G:\doc\DMC\7 Counties\Pldgs\Motion to Set Bar Date - Admin Claims.doc