UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | CASE NO. 13-31442(1)(11) |
| | ) | |
| Debtor | ) | |
| | ) | |
| KENTUCKY EMPLOYEES RETIREMENT SYSTEM | ) ) ) | ADV. PRO. NO. 13-03019 |
| | ) | |
| Appellants | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | |
| | ) | |
| Appellee | ) | |

# MEMORANDUM OPINION

This matter is before the Court on the Motion of Appellants/Plaintiffs Kentucky Employees Retirement System ("KERS") and the Board of Trustees of the Kentucky Retirement System ("the Board") Requesting Certification for Direct Appeals to the Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 158(d)(2) and Rule 8001(f) of the Federal Rules of Bankruptcy Procedure of the Judgment entered May 30, 2014 in Adversary Proceeding No. 13-3019 [Dkt. No. 168] (hereinafter "Judgment") and the Order entered May 30, 2014 in the main Chapter 11 Bankruptcy Case No. 13-31442 [Dkt. No. 484] (hereinafter "Order"). The Court considered the Motion of KERS and the Board, the Response to the Appellants' Motion Requesting Certification for Direct Appeals to the Court of Appeals for the Sixth Circuit of Appellees/Defendant and Cross-Appellant Seven Counties Services, Inc. ("Seven Counties"), and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court finds that the appeals of KERS

and the Board involve a "matter of public importance" under subsection (i) of § 158(d)(2)(A) and this Court is required to certify that fact. The Court, however, declines to recommend that the Court of Appeals authorize the direct appeal because the issues on appeal are not strictly issues of law, but are mixed issues of law and fact. Additionally, other issues on appeal that have not been presented for certification for direct appeal to the Court of Appeals exist, and may result in piecemeal consideration of the remaining uncertified issues. Finally, consideration of the direct appeal on the matter of public importance will not materially advance the progress of Seven Counties' bankruptcy case.

## **LEGAL ANALYSIS**

Pursuant to 28 U.S.C. § 158(d)(2)(A), a court of appeals has jurisdiction over a direct appeal upon two conditions:

(1)  a certification that one of the circumstances identified in subsection (i), (ii) or (iii) of § 158(d)(2)(A) exists;

and

(2) an authorization for the direct appeal by the court of appeals.

It is the Court's conclusion, upon which both parties agree, that the Judgment and Order involve a matter of public importance thereby fulfilling one of the criteria for certification.

The statute sets out the "narrow circumstances" under which a direct appeal of an order of the bankruptcy court to the court of appeals is authorized. *In re City of Detroit, Mich.*, 504 B.R. 191, 193 (Bankr. E.D. Mich. 2013). They are:

(i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

  (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

  (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

and if the court of appeals authorizes the direct appeal of the judgment, order or decree.

28 U.S.C. § 158(d)(2)(A).

Pursuant to Fed. R. Bankr. P. 8001(f)(3)(C), a request for certification shall include the following:

  (i) the facts necessary to understand the question presented;

  (ii) the question itself;

  (iii) the relief sought;

  (iv) the reasons why the appeal should be allowed and is authorized by statute or rule, including why a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists; and

  (v) an attached copy of the judgment, order or decree complained of and any related opinion or memorandum.[1]

A. <u>The Facts Necessary to Understand the Questions Presented</u>.

The detailed factual findings of the Court are set forth at length in the Court's Judgment and the Order entered on May 30, 2014. The following is a brief summary of those factual findings relevant to the issues presented.

Seven Counties is a charitable organization which provides behavioral health services annually to approximately 33,000 persons living in Bullitt, Henry, Jefferson, Oldham, Shelby, Spencer and Trimble counties in the Commonwealth of Kentucky. On the day it filed its Voluntary

---

[1] Copies of the Judgment and Order are attached to the Appellants' Certification Motion.

-3-

Chapter 11 Petition, April 4, 2013, it had 21 service locations and 120 school and community service sites in the Seven Counties area. It is the largest non-hospital, non-profit entity in the Louisville Metro area. For over 35 years it has thoroughly integrated itself into its service area as the primary safety net for persons with severe mental illness, children with severe emotional and behavioral disorders, persons with alcohol and drug addictions and persons with developmental and/or intellectual disabilities. Seven Counties is almost entirely funded with governmental funds.

Prior to the late 1960's, the Commonwealth of Kentucky provided basic mental health services to those without the ability to pay. These services were provided then mainly through the Department of Human Resources, the predecessor to the Cabinet for Health and Human Services ("CFHS"). CFHS is ultimately responsible to assure that services are provided. There are currently 14 Regional Mental Health Boards that provide these services throughout the Commonwealth of Kentucky. Seven Counties is the sole Regional Mental Health Board or Community Mental Health Center for its geographic area.

KERS was created in 1956 by the Kentucky General Assembly for employees of the state, its agencies, instrumentalities, and departments designated by the governor. Its purpose is to provide a secure means of retirement savings for state government employees.

Kentucky Retirement System ("KRS") was also created in 1956. It is administered by a board of trustees and is charged with the responsibility of administering three of the Commonwealth's retirement systems including KERS; the County Employees Retirement System ("CERS") created in 1958 for county, city and local government employees; and the State Police Retirement System ("SPRS"), which was also created in 1958 for uniformed state police personnel.

KERS includes both a hazardous and non-hazardous plan. The hazardous and non-hazardous plans are referred to as "plans" but are better described as tiers within a single defined benefit plan. Seven Counties participates in the non-hazardous plan.

KERS is a multi-employer cost sharing defined benefit state plan. A defined benefit plan, as opposed to a defined contribution plan is at risk for underfunding. KERS non-hazardous plan was 100% or better funded by employee contributions, employer contributions and the return on these investments as recently as the year 2000. Since that time, the decline in funding is attributable to three main components: (a) the actual calculation rates set by the Kentucky General Assembly have been consistently below the actuarially required contribution rate (also referred to as the "ARC"); (b) market losses in 2000-2001, 2008 and 2009, resulting in a 17% decline in value of the assets held by KERS; and (c) unfunded cost of living increases approved by the legislature.

The funds of each system administered by KRS are deemed to be trust funds that are to be held and applied solely for its members (current and former employees of a participating employer) and the employees' beneficiaries as provided by applicable statutes. Members include active, inactive and retired employees. Beneficiaries are persons designated by a member to receive a portion of the member's benefits - usually a surviving spouse or a dependent of a deceased member. KRS §§ 61.510(26), .515, .645 and .701.

As of June 30, 2013, KERS non-hazardous plan had 348 participating employers with 45,969 employees. As of June 30, 2013, the KERS non-hazardous and hazardous plans combined had 44,767 active members; 43,257 inactive members; and 39,552 retired members, for a total of 127,576 participants.

KRS is an "agency" within the Executive Branch of the Commonwealth of Kentucky. KRS § 11A.010(7), (10). KERS is part of the Finance and Administrative Cabinet within the Executive Branch of the Commonwealth of Kentucky. KRS § 12.020 II 9(k). The statutes that govern KERS are contained in Chapter 61 of the Kentucky Revised Statutes.

In 1979, the Board of Directors of Seven Counties requested that an Executive Order be issued that would bring Seven Counties into KERS. The Governor issued Executive Order 79-78, which recited Seven Counties Board's request to be permitted to join KERS and Seven Counties was thus designated a "department" within the meaning of KRS § 61.510. Seven Counties continued to participate in KERS for all of its employees for over 34 years from 1979 until April 4, 2013 when it commenced its voluntary Chapter 11 case. At that time it had approximately 1,300 employees in KERS with a total payroll of approximately $50 million per year.

On the date Seven Counties' Petition was filed, the KERS' employer contribution rate was an amount equal to 23.61% of each employee's "creditable compensation" as defined at KRS § 61.510(13), and increased to 26.79% on July 1, 2013. Beginning with fiscal year 2015, which began on July 1, 2014, the Kentucky General Assembly is required to adopt and fund the full ARC rate as the employer contribution rate.

Seven Counties' bankruptcy filing constituted its effort to rehabilitate its struggling financial condition related primarily to the crushing weight of its required participation in KERS and increasing employer contributions. Since the filing of the Petition, Seven Counties has not withheld employee contributions from approximately 1,000 of its employees not working at Central State Hospital and Kentucky Correctional Psychiatric Center.

Enactment of Senate Bill 2 in 2013, requiring participating employers to pay the full ARC rate, rendered Seven Counties insolvent. As this Court stated in its Memorandum Opinion, "Seven Counties can perform its charitable mission or pay retirement system contributions that will force it to terminate operations. It cannot do both."

Seven Counties' annual payroll of $54,588,039, is 3.32% of the total annual payroll for employers in the KERS non-hazardous plan. Seven Counties' employer contributions–assuming the 926 employees for which Seven Counties has reported to KERS as inactive despite their continuing employment are included–is $14,624,135.65 per year. This annual contribution was also 3.32% of all employer contributions to the Plan.

KERS does not have nearly enough money to meet its needs to pay expected benefits. As of June 30, 2013, the current actuarial value of the assets in KERS non-hazardous pension plan was $2,636,122,852, and the total liabilities were $12,618,726,096. After accounting for prospective employer and employee contributions $8,750,479,307 was unfunded accrued liability. The calculated funding level of the pension plan was 23.2%. As of June 30, 2013, the current actuarial value of the assets of the KERS non-hazardous health insurance plan was $497,584,327 and the total liabilities were $2,532,227,311. After accounting for prospective employer and employee contributions, $1,631,169,807 was unfunded accrued liability. The calculated funding level of the non-hazardous health insurance plan was 23.4%.

When employers cease to participate in KERS, whether voluntarily, by court action, or by going out of business, the financial impact falls upon the remaining participating employers. KERS' actuary calculated that the employer contribution rate for Fiscal Year 2015 with Seven Counties' participation will be 38.77%, but 39.56% without Seven Counties' participation. The projected

employer contribution rate would fall to 33.49% in Fiscal Year 2033 with Seven Counties' participation, but would remain at 36.24% if Seven Counties ceases participation. Should all CMHCs cease participation, the employer contribution rates will be even higher. There is no mechanism to allow a participating employer to terminate participation and pay KERS as part of the termination. It was for this reason that Seven Counties initiated this bankruptcy case in order to rehabilitate the struggling financial circumstance caused by forced participation in KERS.

The Judgment represents the Court's findings on Counts I-III of KERS and the Board's Complaint for Declaratory Judgment, Dismissal of Chapter 11 Bankruptcy Case and Injunctive Relief in A. P. No. 13-3019 against Seven Counties, and the Order in the main bankruptcy case represents the Court's ruling on Seven Counties' Amended Motion for Approval of Debtor's Rejection of a Potentially Executory Contract with KERS. The Court granted Judgment in favor of Seven Counties on each Count of KERS' Complaint and granted the Debtor's Amended Motion to Reject.

In response to KERS' Complaint, Seven Counties requested this Court to issue conclusions of law as to whether Seven Counties is eligible to participate in KERS, whether KERS is a governmental plan, and whether the provisions of KERS run afoul of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* The Court included findings of fact relevant to that request, but declined to render conclusions of law as unnecessary given the rulings on the Judgment and Order.

On June 13, 2014, KERS and the Board filed their Notice of Appeal of the Judgment and Order to the United States District Court for the Western District of Kentucky. On June 27, 2014,

KRS and the Board filed their Statement of Issues on Appeal and identified the following issues presented for appeal:

1) Whether the Bankruptcy Court erred in concluding Seven Counties is not a governmental unit under 11 U.S.C. § 101(27).

2) Whether the Bankruptcy Court erred in concluding that Seven Counties is eligible for relief under Chapter 11 of the Bankruptcy Code, pursuant to 11 U.S.C. §§ 101(41), 109(a) and (d).

3) Whether the Bankruptcy Court erred in determining that Chapter 65A of the Kentucky Revised Statutes does not apply to Seven Counties.

4) Whether the Bankruptcy Court erred in concluding that Seven Counties is not a taxing district and does not have the power to request the imposition of a special ad valorem tax under Chapter 210 of the Kentucky Revised Statutes.

5) Whether the Bankruptcy Court erred in concluding that Seven Counties and KERS entered into a contract under Kentucky law.

6) Whether the Bankruptcy Court erred in concluding that the alleged contract is executory under 11 U.S.C. § 365.

7) Whether the Bankruptcy Court erred in concluding that Seven Counties' obligation to make contributions to KERS and the benefit of rejection made the alleged contract executory under 11 U.S.C. § 365.

8) Whether the Bankruptcy Court erred in concluding that 28 U.S.C. § 959(b) does not apply to or require Seven Counties to comply with Chapter 61 of the Kentucky Revised Statutes.

9) Whether the Bankruptcy Court erred in concluding that KERS is a "multi-employer" plan.

On June 27, 2014, Seven Counties filed a Notice of Cross-Appeal of the Judgment to the United States District Court for the Western District of Kentucky. On July 11, 2014, Seven Counties filed its Statement of Issues to be Presented on Cross-Appeal and identified the following issues for its Cross-Appeal.

1) Whether the Judgment should be affirmed on alternative grounds because, to the extent the relationship between Seven Counties and the Kentucky Retirement System and/or the Kentucky Employees Retirement System is statutory, Seven Counties is not qualified to participate in KERS pursuant to KRS § 61.520(1)

2) Whether the Judgment should be affirmed on alternative grounds because, to the extent the relationship between Seven Counties and KERS is statutory, Seven Counties is not qualified to participate in KERS pursuant to KRS § 61.520(4).

3) Whether the Judgment should be affirmed because, to the extent the relationship between Seven Counties and KERS is statutory, Seven Counties is not a "department" of the Commonwealth of Kentucky pursuant to KRS § 61.510(3).

4) Whether the Judgment should be affirmed on alternative grounds because, to the extent that KERS is a governmental plan pursuant to 26 U.S.C. § 414(d) and 29 U.S.C. § 1002(32), Seven Counties is not eligible to participate in, establish or maintain participation in KERS because Seven Counties is not a political subdivision, agency, or instrumentality of the Commonwealth of Kentucky.

5) Whether the Judgment should be affirmed on alternative grounds because to the extent Kentucky law requires continued participation by Seven Counties in KERS, such law is not "valid" within the meaning of 28 U.S.C. § 959(b).

6) Whether the Judgment should be affirmed on alternative grounds because the participation of Seven Counties and other community mental health centers in KERS prohibits KERS from claiming status as a governmental plan pursuant to 26 U.S.C. § 414(d) and 29 U.S.C. § 1002(32), which permits Seven Counties to terminate participation in KERS pursuant to the Bankruptcy Code and the Employee Retirement Income Security Act of 1974, as amended.

7) Whether the Judgment should be affirmed on alternative grounds because at least 13.41% of the individual participant members of KERS are employees of entities that are not the government of the Commonwealth of Kentucky, or political subdivisions, agencies, or instrumentalities of the Commonwealth of Kentucky, and the extent of this participation by private employees prohibits KERS from claiming status as a governmental plan pursuant to 26 U.S.C. § 414(d) and 29 U.S.C. § 1002(32).

8) Whether the Judgment should be affirmed on alternative grounds because at least 12.15% of the contributions by or on account of members of KERS are contributions by or on account of employees of the entities which are not the government of the Commonwealth of Kentucky, or political subdivisions, agencies, or instrumentalities of the Commonwealth of Kentucky prohibits KERS from claiming status as a governmental plan pursuant to 26 U.S.C. § 414(d) and 29 U.S.C. § 1002(32).

Seven Counties did not request certification for direct appeal to the Sixth Circuit on the issues identified in its Notice of Cross-Appeal to the United States District Court for the Western District of Kentucky.

B. <u>Issues Presented for Certification for Direct Appeal</u>.

The following are the issues KERS and the Board identified for certification for direct appeal to the Court of Appeals for the Sixth Circuit:

1) Did the Bankruptcy Court err in concluding that Seven Counties is not a "governmental unit" as that term is defined in 11 U.S.C. § 101(27), such that Seven Counties is eligible for Chapter 11 relief?

2) Did the Bankruptcy Court err in concluding that Seven Counties' participation in KERS is pursuant to an alleged implied contract under Kentucky law, and did the Bankruptcy Court err in concluding any such implied contract is "executory" and subject to rejection under 11 U.S.C. § 365, resulting in Seven Counties exiting KERS?

3) Did the Bankruptcy Court err in concluding that 28 U.S.C. § 959(b) does not require Seven Counties, as a debtor-in-possession, to continue to participate in KERS and perform the employer duties set forth in Chapter 61 of the Kentucky Revised Statutes during the pendency of its bankruptcy case?

C. <u>Relief Sought</u>.

Appellants request certification for direct appeal to the Court of Appeals for the Sixth Circuit from the bankruptcy court's Judgment and Order as set out in the issues above. Appellants will request that the Court of Appeals reverse the Bankruptcy Court's rulings in the Judgment and Order. Appellees will request that the Court of Appeals affirm the Judgment and the Order.

D. <u>The Judgment and Order Involve a "Matter of Public Importance."</u>

The Court finds that the Judgment and Order issued May 30, 2014 involve a "matter of public importance." 28 U.S.C. § 158(d)(2)(A)(i). Under the statute, "'a matter of public

importance' should transcend the litigants and involve a legal question the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case. . . . Alternatively, a Court may find a matter to be of public importance if it could impact a large number of jobs or other vital interests in the community." *In re Qimonda AG,* 470 B.R. 374, 387 (E.D. Va. 2012), quoting COLLIER ON BANKRUPTCY ¶5.06[4][b]. Clearly these factors are met by the issues presented in this case.

The issue of whether Seven Counties is or is not a "governmental unit" under 11 U.S.C. § 101(27) and therefore eligible to be a debtor in a Chapter 11 case and whether it will be allowed to reorganize and rehabilitate its financial situation is important to every employee of Seven Counties, as well as the approximately 33,000 individuals with intellectual and behavior disabilities which rely on its services. Additionally, the precedent of this decision may potentially impact whether other Kentucky Regional Mental Health Boards, as well as whether non-profit corporations funded almost exclusively with governmental funds, may seek Chapter 11 relief.

The issue as to whether Seven Counties may reject its statutorily required obligations and end its forced participation in KERS under 11 U.S.C. § 365 may have far reaching implications for other employers participating in KERS, as well as the approximately 127,576 participants of KERS relying on the state provided retirement system. There is no dispute between the Appellants and the Appellee, as well as this Court, that this is a matter of public importance requiring certification.

1. <u>Certifications that cannot be made in this case</u>.

The Court cannot find that its Judgment and Order involve strictly questions of law as to which there is no controlling decision of the Court of Appeals for the Sixth Circuit or the Supreme Court of the United States. The legal basis for the Court's rulings are set forth in the Judgment and

Order.  The Court's decision on Seven Counties' eligibility for Chapter 11 relief was based on established precedent applied to extensive findings of fact.  The issues of whether an executory contract exists between Seven Counties and KERS and whether Chapter 61 of the Kentucky Revised Statutes applies to Seven Counties via 28 U.S.C. § 959 is a question of law.  The Court believes *Chattanooga Memorial Park v. Still* (*In re Jolly)*, 574 F.2d 349 (6th Cir. 1978) is precedent in the Sixth Circuit.  Further, the Court does not find that its Judgment and Order involve solely questions of law requiring resolution of conflicting decisions.

The Court also cannot find that "an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken."  28 U.S.C. § 158(d)(2)(A). While all parties acknowledge that this case is inevitably bound for the Sixth Circuit Court of Appeals, and that certifying the appeal will save the litigants time and money, the Court does not find certification will advance the progress of the Chapter 11 case.

If the Bankruptcy Court's Judgment and Order are reversed on appeal, Seven Counties will be in no different circumstance than it is today as far as its participation in KERS is concerned because if Seven Counties loses on appeal, it will terminate operations.  Seven Counties does not have the capacity to make employer contributions to KERS and continue in business.  Therefore, the Court does not find that prompt consideration of the appeals will advance the bankruptcy proceeding.

Finally, given the number of issues identified by the Appellants and the Appellee/Cross-Appellant, certification of the three issues identified by the Appellants will not resolve this entire case.  A more effective use of judicial resources would entail consideration of all pending appellate

-14-

issues at one time, rather than through piecemeal appeals. For this reason, this Court declines to recommend that the Court of Appeals authorize the direct appeals.

## CONCLUSION

Under 28 U.S.C. §158(d)(2)(A)(i), the Court must certify that these appeals involve a matter of public importance. The Court however, does not recommend that the Court of Appeals for the Sixth Circuit authorize the direct appeals of the Judgment and Order entered May 30, 2014. An Order on Certification is attached to this Memorandum Opinion.

*Joan A. Lloyd*
United States Bankruptcy Judge
Dated: September 24, 2014

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | CASE NO. 13-31442(1)(11) |
| | ) | |
| Debtor | ) | |
| | ) | |
| KENTUCKY EMPLOYEES RETIREMENT SYSTEM | ) | ADV. PRO. NO. 13-03019 |
| | ) | |
| Appellants | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | |
| | ) | |
| Appellee | ) | |

**ORDER ON APPELLANTS' MOTION REQUESTING CERTIFICATION FOR DIRECT APPEALS TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT**

This matter having come before the Court on the Motion of Appellants/Plaintiffs Kentucky Employees Retirement System and the Board of Trustees of the Kentucky Retirement System Requesting Certification for Direct Appeals to the Court of Appeals for the Sixth Circuit, and the Court having considered the Response thereto of Appellees/Defendant and Cross-Appellant Seven Counties Services, Inc. and being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that the Appellants' Motion be and hereby is **GRANTED**. The Judgment and Order appealed from involve a matter of public importance pursuant to 28 U.S.C. § 158(d)(2))A)(i) and are hereby CERTIFIED to the Court of Appeals for the Sixth Circuit. The Court, however, declines to recommend that the Court of Appeals authorize these direct appeals.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: September 24, 2014