**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **SEVEN COUNTIES SERVICES, INC.** | ) | **CHAPTER 11** |
| | ) | |
| **Debtor** | ) | **CASE NO. 13-31442-jal** |
| | ) | |

**FIRST AMENDED**
**PLAN OF REORGANIZATION**
**SUBMITTED BY SEVEN COUNTIES SERVICES, INC.**
**＊ ＊ ＊   ＊ ＊ ＊   ＊ ＊ ＊**

## 1.  INTRODUCTION

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code proposes a resolution of all outstanding claims against and equity interests of Seven Counties Services, Inc. ("Seven Counties," or the "Debtor"). Seven Counties is the proponent of the Plan within the meaning of Bankruptcy Code § 1129.

## 2.  GENERAL PROVISIONS

### 2.1 Defined Terms

As used in the Plan, capitalized terms have the meanings set forth below. Any term that is not otherwise defined herein but is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning ascribed in the Bankruptcy Code or the Bankruptcy Rules, as applicable.

####   (A) Administrative Claim

An Administrative Claim is a Claim for costs and expenses of administration which may be allowed under Bankruptcy Code §§ 328, 330(a), 331, 503(b), 507(b), or 1114(e)(2), including: (a) the actual and necessary costs and expenses of preserving the bankruptcy Estate and operating the Debtor's business incurred after the Petition Date (such as wages, salaries, commissions, and payments for services provided or goods accepted); (b) Fee Claims; (c) any Claims for the value of goods received by the Debtor in the twenty (20) days immediately prior to the Petition Date and sold to the Debtor in the ordinary course of business; and (d) all fees and charges assessed against the estate under chapter 123 of title 28 of the United States Code, 28 U.S.C. §§ 1911-1930.

####   (B) Administrative Trade Claim

An Administrative Trade Claim is an Administrative Claim arising from or with respect to the sale of goods or rendition of services on or after the Petition Date in the ordinary course of the Debtor's business, and includes Administrative Claims of employees for ordinary course wages, expense reimbursements, and health and welfare benefits.

    *(C) Allowed Claim*

        (1) <u>Allowed Claim, Generally</u>. With respect to any type of Claim other than an Administrative Claim, an Allowed Claim is a Claim that is not a Disputed Claim or Disallowed Claim and (a) is listed on the Debtor's Schedules but not designated therein as either disputed, contingent, or unliquidated; (b) as to which no objection to allowance has been interposed; (c) is asserted in a liquidated Proof of Claim that is timely-filed with the Bankruptcy Court; or (d) is allowed pursuant to (1) any stipulation executed by the Debtor and the applicable Claim holder, (2) any contract, instrument, or other agreement entered into in connection with the Plan or Confirmation Order, (3) a Final Order, or (4) the terms of the Plan.

        (2) <u>Allowed Administrative Claim</u>. An Allowed Administrative Claim is an Administrative Claim that is not a Disputed Claim or Disallowed Claim and (a) as to which no objection to allowance has been interposed on or before the applicable period of limitation fixed by the Plan, the Confirmation Order, any applicable notice issued by the clerk of the Bankruptcy Court, the Bankruptcy Rules, or a Final Order for objecting to such Claims; or (b) is allowed pursuant to (1) any stipulation executed by the Debtor and the applicable Claim holder, (2) any contract, instrument, or other agreement entered into in connection with the Plan or Confirmation Order, (3) a Final Order, or (4) the terms of the Plan.

        (3) <u>Allowed Secured Claim</u>. An Allowed Secured Claim is an Allowed Claim secured by a lien which is valid, perfected, and enforceable under applicable non-bankruptcy law and not subject to avoidance under the Bankruptcy Code or applicable non-bankruptcy laws.

        (4) "<u>Allowed…Claim</u>." An "Allowed…Claim" is an Allowed Claim of the particular type or category specified.

    *(D) Bankruptcy Code*

The Bankruptcy Code is title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as in effect at the relevant time.

    *(E) Bankruptcy Court*

The Bankruptcy Court is the United States Bankruptcy Court for the Western District of Kentucky.

    *(F) Bankruptcy Rules*

The Bankruptcy Rules are, collectively, the Federal Rules of Bankruptcy Procedure and the local rules of the Bankruptcy Court, as in effect at the relevant time.

### (G) Bond Documents

Bond Documents means any document(s), as amended, creating, imposing, memorializing, certifying, or pertaining to any obligation of the Debtor relating to any of the following bond issuances:  (1) $2,680,000 County of Shelby, Kentucky Adjustable Rate Industrial Building Revenue Bonds, Series 1999 (Seven Counties, Inc. Project); (2) $3,500,000 Louisville/Jefferson County Metro Government Adjustable Rate Demand Industrial Revenue Bonds, Series 2005 (Seven Counties, Inc. Project); and (3) $2,600,000 Louisville/Jefferson County Metro Government Adjustable Rate Demand Industrial Revenue Bonds, Series 2011 (Seven Counties, Inc. Project) (collectively, "Bond Issuances").   The term Bond Documents includes, without limitation, all of the following documents pertaining to each of the foregoing issuances:  (i) Bond Purchase Agreements; (ii) Loan Agreements; (iii) Remarketing Agreements; (iv) Project Notes; (v) Offering Circulars; (vi) Bond Specimens; (vii) Reimbursement Agreements; (viii) Mortgages and/or Assignments of Leases and Rents; (ix)  Security Agreements; and/or (x) Tax Compliance Agreements.

### (H) Business Day

A Business Day is any day other than a Saturday, Sunday, or "legal holiday" (as defined in Bankruptcy Rule 9006(a)).

### (I) Chapter 11 Case

The Chapter 11 Case is this case commenced under chapter 11 of the Bankruptcy Code by or with respect to the Debtor.

### (J) Claim

A Claim is a "claim," as defined in Bankruptcy Code § 101(5), against the Debtor.

### (K) Class

A Class is a Class of Claims or Interests, as described in Section 3.2 of the Plan.

### (L) Confirmation

Confirmation is the entry of the Confirmation Order on the docket of the Bankruptcy Court.

### (M) Confirmation Date

The Confirmation Date is the date on which the Bankruptcy Court enters the Confirmation Order on its docket, within the meaning of Bankruptcy Rules 5003 and 9021.

### (N) Confirmation Hearing

The Confirmation Hearing is the hearing held by the Bankruptcy Court to consider Confirmation of the Plan, as such hearing may be continued from time to time.

### (O) Confirmation Order

The Confirmation Order is the order of the Bankruptcy Court confirming the Plan pursuant to Bankruptcy Code § 1129.

*(P) Cure Claim*

A Cure Claim is a Claim based upon the Debtor's default(s) pursuant to an Executory Contract or Unexpired Lease at the time such Executory Contract or Unexpired Lease is assumed by the Debtor under Bankruptcy Code § 365.

*(Q) Debtor*

The Debtor is Seven Counties Services, Inc.

*(R) Disallowed Claim*

A Disallowed Claim is a Claim that has been disallowed by Final Order.

*(S) Disbursing Agent*

A Disbursing Agent is any Entity designated by the Plan Proponent, in its business discretion, to make distributions of money or property to holders of Claims or Interests as required under the Plan.

*(T) Disclosure Statement*

The Disclosure Statement is the disclosure statement (including all exhibits and schedules thereto or referenced therein) that relates to the Plan and has been prepared and distributed by the Plan Proponent, as may be amended, modified, or supplemented.

*(U) Disputed Claim*

A Disputed Claim is a Claim that (a) is listed on the Debtor's Schedules and designated therein as either disputed, contingent, or unliquidated; (b) is listed on the Debtor's Schedules, but in an amount or of a type that varies from the amount and/or type asserted by the holder of the Claim in the corresponding Proof of Claim; (c) is not listed on the Debtor's Schedules; (d) as to which an objection to allowance has been filed prior to Confirmation, and such objection has not been withdrawn or denied by Final Order; or (e) is a Tort Claim.

*(V) Effective Date*

The Effective Date is the later of (i) the thirtieth (30th) day following the Confirmation Date, or (ii) February 1, 2015; provided, however, that if a stay of the Confirmation Order is in effect on that date, the Effective Date shall be the first (1st) Business Day after that date on which no stay of the Confirmation Order is in effect, unless the Confirmation Order has been vacated.

*(W) Entity*

An Entity is any person (as defined in Bankruptcy Code § 101(41), estate, trust, governmental unit, or the United States Trustee.

*(X) Estate*

The Estate is the estate created for the Debtor in the Chapter 11 Case pursuant to Bankruptcy Code § 541(a).

*(Y) Executory Contract*

An Executory Contract is any contract to which the Debtor is a party that is subject to assumption or rejection under Bankruptcy Code § 365.

> *(Z) Fee Claim*

A Fee Claim is a Claim allowed or sought to be allowed under Bankruptcy Code §§ 328, 330(a), or 331 for an award of compensation to a Professional or other Entity for services rendered or reimbursement of expenses incurred in the administration of the Chapter 11 Case.

> *(AA)    Fifth Third*

Fifth Third is Fifth Third Bank, an Ohio corporation, or Fifth Third Bank Kentucky, Inc., a Kentucky corporation, as applicable.

> *(BB)    Fifth Third Security Documents*

Fifth Third Security Documents means any Mortgage, Assignment of Leases and Rents, Security Agreement and/or Financing Statement executed by the Debtor in favor of Fifth Third securing any of the Debtor's obligations under the Reimbursement Agreements.  The Fifth Third Security Documents include, without limitation, the Mortgages and Assignment of Leases and Rents identified on **Exhibit A** hereto in favor of Fifth Third encumbering the Debtor's real property commonly known as:   101-115 W. Muhammad Ali Boulevard, Louisville, KY; 2650 W. Broadway, Louisville, KY; 2210 Tucker Station Road, Louisville, KY; 130 Vine Street, Shepherdsville, KY; 2131 Spencer Court, LaGrange, KY; and 250 Alpine Drive, Shelbyville, KY.

> *(CC)    Final Order*

A Final Order is an order or judgment of the Bankruptcy Court or other court of competent jurisdiction, as entered on the docket in the Chapter 11 Case or the docket of any other court of competent jurisdiction, that has not been reversed, stayed, modified, or amended, and as to which the time to appeal or seek *certiorari* or move for a new trial, re-argument, or rehearing has expired, and no appeal or petition for *certiorari* or other proceeding for a new trial, re-argument, or rehearing has been timely taken, or as to which any appeal that has been taken or any petition for *certiorari* that has been timely filed has been withdrawn or resolved by the highest court to which the order or judgment was appealed or from which *certiorari* was sought or the new trial, re-argument, or rehearing shall have been denied or resulted in no modification of such order.

> *(DD)    Petition Date*

The Petition Date is April 4, 2013.

> *(EE)    Plan*

The Plan is this Plan of Reorganization and all exhibits attached hereto or referenced herein, as the same may be amended, modified, or supplemented prior to the Effective Date.

> *(FF)    Plan Document*

A Plan Document is any contract, instrument, release, agreement, or document executed and delivered by any Entity as required by or in connection with the Plan or Confirmation Order.

### (GG)    Plan Proponent

The Plan Proponent is the proponent of the Plan as that term is used in Bankruptcy Code § 1129.

### (HH)    Priority Claim

A Priority Claim is a Claim that, if allowed, is entitled to priority in payment pursuant to Bankruptcy Code § 507(a), but is <u>not</u> an Administrative Claim or a Priority Tax Claim.

### (II) Priority Tax Claim

A Priority Tax Claim is a Claim that, if allowed, is entitled to priority in payment pursuant to Bankruptcy Code § 507(a)(8).

### (JJ)    Pro Rata

Pro Rata means, when used with reference to a distribution of value to holders of Claims in a particular Class, proportionally so that with respect to a particular Claim in such Class, (a) the ratio of (1) the value of property distributed on account of such Claim to (2) the amount of such Claim, is the same as (b) the ratio of (1) the total value of property distributed on account of all Claims in such Class to (2) the total amount of Claims in such Class.

### (KK)    Professional

A Professional is any Entity employed in the Chapter 11 Case pursuant to Bankruptcy Code § 327, or any other Entity seeking compensation or reimbursement of expenses in connection with the Chapter 11 Case pursuant to Bankruptcy Code § 503(b)(4).

### (LL)    Proof of Claim

A Proof of Claim is a written statement setting forth a creditor's Claim filed with the Bankruptcy Court on a form that conforms substantially to Official Bankruptcy Form 10.

### (MM)    Reimbursement Agreement

Reimbursement Agreement means any Reimbursement Agreement, including any amendments thereto and/or assignments thereof, executed in connection with any Bond Issuance, including, without limitation:  (i) Reimbursement Agreement dated February 1, 1999 between Debtor and Bank One, Kentucky N.A.; (ii) Reimbursement Agreement dated December 1, 2005 between Debtor and Fifth Third; and (iii) Reimbursement Agreement dated December 1, 2011 between Debtor and Fifth Third.

### (NN)    Rejection Claim

A Rejection Claim is a Claim arising from the rejection, under Bankruptcy Code § 365 and/or the Plan, of an Executory Contract or Unexpired Lease, and determined in accordance with Bankruptcy Code § 502(g).

### (OO)    Retained Action

A Retained Action is any right, power, claim, defense, or cause of action arising under chapter 5 of the Bankruptcy Code and vested in the Debtor as the debtor in possession in this Chapter 11 Case.

*(PP)    Schedules*

The Schedules are the schedules of the Debtor's assets and liabilities and the statement of financial affairs filed with the Bankruptcy Court, in accordance with Bankruptcy Code § 521, as the same may have been or may be amended, modified, or supplemented.

*(QQ)    Secured Claim*

A Secured Claim is a Claim that is secured by a lien on property in which the Estate has an interest or that is subject to setoff under Bankruptcy Code § 553, to the extent the value of such Claim holder's interest in the Estate's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to Bankruptcy Code § 506(a).

*(RR)    Tort Claim*

A Tort Claim is a Claim that has not been settled, compromised, or otherwise resolved by agreement of the Debtor that arises out of allegations of personal injury, wrongful death, property damage, products liability, or similar legal theories of recovery.

*(SS)    Unexpired Lease*

An Unexpired Lease is any lease of property, real or personal, to which the Debtor is a party that is subject to assumption or rejection under Bankruptcy Code § 365.

*(TT)    Unsecured Claim*

An Unsecured Claim is a Claim that is not an Administrative Claim, Cure Claim, Priority Claim, Priority Tax Claim, or Secured Claim.

### 2.2 Rules of Construction

For purposes of the Plan, unless otherwise provided herein: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, will include both the singular and the plural; (b) any reference to a contract, instrument, release, or other agreement or document being in a particular form or on particular terms and conditions means that such document will be substantially in such form or substantially on such terms and conditions; (c) any reference to an existed document or exhibit filed or to be filed means such document or exhibit, as it may have been or may be amended, modified, or supplemented pursuant to the Plan, the Confirmation Order, or otherwise; (d) any reference to an entity as a holder of a Claim or Interest includes that entity's successors, assigns, and affiliates; (e) all references to Sections, Tables, and Exhibits are references to Sections, Tables, and Exhibits to the Plan; (f) the words "herein," "hereunder," and "hereto," refer to the Plan in its entirety rather than to a particular portion of the Plan; (g) subject to the provisions of any contract, articles of incorporation, bylaws, similar constituent documents, instruments, releases, or other agreements or documents entered into or delivered in connection with the Plan or Confirmation Order, the rights and obligations arising under the Plan will be governed by, and construed and enforced in accordance with, federal law, including the Bankruptcy Code and the Bankruptcy Rules; and (i) the rules of construction set forth in Bankruptcy Code § 102 shall apply to the extent not inconsistent with any other provision of this Section 2.1(A).

7

### 2.3 Computation of Time

The provisions of Bankruptcy Rule 9006(a) shall apply when computing any period of time prescribed or allowed by the Plan and Confirmation Order.

### 2.4 Due Dates

Any payment, report, notice, or other action due under the Plan, Confirmation Order, or any instrument executed in connection with the Confirmation Order for which the due date falls on a date which is not a Business Day shall become due on the first (1st) Business Day immediately following said due date. Except as otherwise provided in this Plan, any payment, report, notice, or other action due under the Plan, Confirmation Order, or any instrument executed in connection with the Confirmation Order for which the due date falls on a date preceding the Effective Date shall become due on the Effective Date.

### 2.5 Severability

If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court shall have the power to alter and/or interpret such term or provision to make it valid and enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision then will be applicable as altered and/or interpreted by the Bankruptcy Court; *provided, however*, that any such alteration or interpretation must be in form and substance acceptable to the Plan Proponent. Any such holding, alteration, or interpretation by the Bankruptcy Court shall not limit or affect the enforceability and operative effect of any other provision of the Plan in any way. The Confirmation Order will constitute a judicial determination and will provide that each term and provision of the Plan, as it may have been altered and/or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

### 2.6 Binding Effect

The rights and obligations of any entity named or referred to in the Plan shall be binding upon, and inure to the benefit of, the successors and assigns of such entity.

### 2.7 Controlling Law

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Bankruptcy Rules), the laws of the Commonwealth of Kentucky govern the Plan and any agreements, documents, and instruments executed in connection with the Plan and Confirmation Order, except as otherwise provided in the Plan.

### 2.8 Captions

Captions and headings to sections in the Plan are for convenience of reference only and are not intended to be a part of or to affect the meaning or interpretation of this Plan.

## 3.   CLAIMS AGAINST THE DEBTOR AND THE ESTATE

### *3.1 Unclassified Claims*

Pursuant to Bankruptcy Code § 1123(a)(1), the Plan does not designate Classes for Allowed Administrative Claims or Allowed Priority Tax Claims that are not also Allowed Secured Claims. Additionally, the Plan does not designate Classes for Allowed Cure Claims as the amounts to be paid and actions to be taken necessary to cure the Debtor's assumption of any Executory Contract or Unexpired Lease varies in accordance with the terms of each such Executory Contract or Unexpired Lease.

### *3.2 Classes of Claims*

Pursuant to Bankruptcy Code § 1123(a)(1), the Plan designates Classes of Allowed Claims. Each such Class consists of Claims that are substantially similar to the other Claims therein, in accordance with Bankruptcy Code § 1122(a). No Disallowed Claim or Disputed Claim is included in any Class under the Plan, and no holder of a Disallowed Claim or Disputed Claim shall be entitled to vote on, or receive or retain any property under, the Plan on account of such Disallowed Claim or Disputed Claim.

#### *(A) Class 1 Priority Claims*

Class 1 consists of all Allowed Priority Claims. As of the date the Plan is proposed, no Priority Claims have been asserted, and the Plan Proponent is not aware of any Claims which may qualify as Priority Claims if allowed.

#### *(B) Class 2-A Secured Claims Arising from Reimbursement Agreements with Fifth Third*

Class 2-A consists of the Allowed Claims arising from the Debtor's indebtedness under the terms of the Reimbursement Agreements. The collateral securing the Class 2-A Claims consists of recorded mortgages and assignments of leases and rents in and to the following real estate owned by the Debtor: (1) 101-115 W. Muhammad Ali Boulevard, Louisville, Kentucky; (2) 2650 W. Broadway, Louisville, Kentucky; (3) 2210 Tucker Station Road, Louisville, Kentucky; (4) 130 Vine Street, Shepherdsville, Kentucky; (5) 2131 Spencer Court, LaGrange, Kentucky; and (6) 250 Alpine Drive, Shelbyville, Kentucky (collectively, the "Real Estate Collateral"), and all of the Debtor's business assets, including, without limitation, accounts receivable (the "Personal Property Collateral"), pursuant to security agreements dated April 26, 2007, and December 1, 2011, and a financing statement filed with the Kentucky Secretary of State. The mortgages on the Real Estate Collateral are first in priority, and the lien on the Personal Property is first in priority. The Plan provides for treatment of the Class 2-A Claims as Allowed and fully Secured Claims.

#### *(C) Class 2-B Secured Claim Arising from Card Agreement with Fifth Third*

Class 2-B consists of the Allowed Claim arising from the Debtor's indebtedness under the terms of a commercial card company agreement between the Debtor and Fifth Third on May 26, 2005. The collateral securing the Class 2-B Claim consists of the Real Estate Collateral and Personal Property Collateral. The mortgages on the Real Estate Collateral are first in priority, and the lien

on the Personal Property is first in priority. The Plan provides for treatment of the Class 2-B Claim as an Allowed and fully Secured Claim.

### (D) Class 2-C Secured Claim Arising from Rejection of Executory Contract with Iron Mountain

Class 2-C consists of the Allowed Claim arising from the Debtor's rejection of an Executory Contract with Iron Mountain Information Management, Inc. ("Iron Mountain") and the related Agreed Order [Doc. No. 233] between the Debtor and Iron Mountain (the "Iron Mountain Agreed Order"), to extent that such Claim is an Allowed Secured Claim under the Iron Mountain Agreed Order. The collateral securing the Class 3-C Claim consists of a warehouseman's lien on the Debtor's interest in personal property formerly located at facilities owned by Iron Mountain. The warehouseman's lien securing the Class 3-C claim is first in priority. Pursuant to the Iron Mountain Agreed Order, the Plan provides for treatment of the Class 2-C Claim as an Allowed Secured Claim in the amount of $5,000.00. The remainder is an Allowed Unsecured Claim is classified as a Class 3-B Claim.

### (E) Class 3-A Unsecured Claims Arising from Bond Financing

Class 3-A consists of all Allowed Unsecured Claims against the Debtor arising under loan agreements between the County of Shelby, Kentucky and the Debtor or Louisville/Jefferson County Metro Government and the Debtor, as assigned to the Bank of New York Mellon Trust Company, N.A., as Trustee under certain trust indentures. Upon the Plan Proponent's information and belief as of the date this Plan is proposed, the Plan Proponent estimates that there are three (3) Claims entitled to treatment as Class 3-A Claims, and that the total amount of Class 3-A Claims is approximately $4,863,000.00.

### (F) Class 3-B Unsecured Rejection Claims

Class 3-B consists of all Allowed Unsecured Rejection Claims against the Debtor arising under any Executory Contract or Unexpired Lease rejected by the Debtor in accordance with Bankruptcy Code § 365 as provided in the Plan and Confirmation Order and/or any other Final Order entered by the Bankruptcy Court. Upon the Plan Proponent's information and belief as of the date this Plan is proposed, the Plan Proponent estimates that there is one (1) Claim entitled to treatment as a Class 3-B Claim, and that the total amount of Class 3-B Claims is $19,167.13.

### (G) Class 3-C General Unsecured Claims

Class 3-C consists of all Allowed Unsecured Claims against the Debtor that are not Administrative Claims, Priority Tax Claims, Priority Claims, Secured Claims, Rejection Claims, or Cure Claims. Upon the Plan Proponent's information and belief as of the date this Plan is proposed, the Plan Proponent estimates that there are 31 Claims entitled to treatment as Class 3-C Claims, and that the total amount of Class 3-C Claims is approximately $284,006.76.

### 3.3 Claims Bar Dates

#### (A) Generally Applicable Bar Date

The Bankruptcy Court entered an Order setting August 8, 2013 (the "Bar Date") as the last day to file a Proof of Claim to assert any Claim against the Debtor for any liability arising on or

before the Petition Date, applicable to holders of Claims which were either (1) identified in the Schedules as disputed, contingent, and/or unliquidated or in an amount which the creditor believed to be incorrect, or (2) not listed in the Schedules in any manner. Pursuant to the Order establishing the Bar Date, any Entity required to file a Proof of Claim that failed to timely file such Proof of Claim is forever barred from participating in any distribution from the Estate under the Plan or other disposition of Estate assets, and is barred from voting with respect to the Plan.

### (B) Bar Date for Administrative Claims

The Bankruptcy Court entered an Order setting September 30, 2014 (the "<u>Administrative Claim Bar Date</u>") as the last day for any Entity to file an application for the allowance of any Claim against the Debtor as an Administrative Claim for any liability arising, accruing, or otherwise becoming due and payable subsequent to the Petition Date but prior to June 30, 2014, other than Fee Claims, U.S. Trustee Fees, Rejection Claims for Executory Contracts and Unexpired Leases not yet rejected, or Claims of individuals or service providers supplying goods or services on or after June 30, 2014. Pursuant to the Order establishing the Administrative Claim Bar Date, any Entity required to file an application for the allowance of an Administrative Claim that failed to timely file such application is forever barred from participating in any distribution from the Estate on account of such claim under the Plan or other disposition of Estate assets.

### (C) Bar Date for Rejection Claims

The Bankruptcy Court entered an Order setting the later of (1) September 30, 2014, or (2) the date that is ninety (90) days after entry of an order approving the rejection of a particular Executory Contract or Unexpired Lease (the "<u>Rejection Claim Bar Date</u>") as the last day for any Entity to file a Proof of Claim to assert any Claim against the Debtor for any liability arising from the rejection of an Executory Contract or Unexpired Lease. Pursuant to the Order establishing the Rejection Claim Bar Date, any Entity required to file a Proof of Claim that failed to timely file such Proof of Claim is forever barred from participating in any distribution from the Estate on account of the Rejection Claim under the Plan or other disposition of Estate assets.

### 3.4 Disallowed Claims

Any Claim that was subject to the requirement of a Proof of Claim filing that was not timely complied with or was determined by Final Order to be, in whole or in part, not an Allowed Claim is a disallowed Claim for which no distributions shall be issued under the Plan. Holders of Claims that are not Allowed Claims shall not be entitled to vote on or receive distributions under the Plan, but remain subject to the injunctions set forth in Section 12.4.

## 4. TREATMENT OF ADMINISTRATIVE CLAIMS, U.S. TRUSTEE FEES, AND PRIORITY TAX CLAIMS

### 4.1 Administrative Claims in General

Except to the extent that a holder of a particular Allowed Administrative Claim has agreed, in writing, to alternative treatment, each holder of an Allowed Administrative Claim will receive cash from the Debtor equal to the amount of its Allowed Administrative Claim on the later of (a)

the Effective Date or (b) the date such Allowed Administrative Claim becomes due according to the parties' normal business terms.

### 4.2 U.S. Trustee Fees

All fees accrued and required to be paid pursuant to 28 U.S.C. § 1930(a)(6) ("U.S. Trustee Fees") shall be paid on or before the Effective Date. Following Confirmation, the Debtor shall continue to report its total disbursements to the Office of the U.S. Trustee, and U.S. Trustee Fees shall accrue and be paid timely up to entry of the Final Decree in this Chapter 11 Case.

### 4.3 Ordinary Course Liabilities

#### (A) Goods Delivered within 20 Days of the Petition Date

Pursuant to Bankruptcy Code § 503(b)(9), any Entity that delivered goods to the Debtor within 20 days of the Petition Date may assert a Claim as an Administrative Claim against the Estate. In order to have such Claim treated under the Plan as an Allowed Administrative Claim, the holder of such Claim must comply with the notice and hearing requirements of Bankruptcy Code § 503(b)(9) and the Order establishing the Administrative Claim Bar Date.

#### (B) Administrative Trade Claims

The Debtor shall pay each Allowed Administrative Trade Claim in full, at its option, on the Effective Date or the date such Allowed Administrative Trade Claim becomes due according to the parties' normal business terms. The holder of an Administrative Trade Claim shall not be required to file any Proof of Claim or request allowance of such Administrative Trade Claim as an Allowed Administrative Claim unless the Debtor has refused a demand for payment according to the parties' normal business terms, in which event such Administrative Trade Claim shall be deemed a Disputed Claim for purposes of the Plan.

### 4.4 Priority Tax Claims

Except to the extent that a holder of a particular Allowed Priority Tax Claim has agreed, in writing, to alternative treatment, each holder of an Allowed Priority Tax Claim will receive the present value of its Allowed Priority Tax Claim in regular installments paid over a period not exceeding five (5) years from the Petition Date.

### 4.5 Professional Fee Claims

Professionals employed by the Debtor or the Estate pursuant to Bankruptcy Code § 327 shall continue to apply to the Bankruptcy Court to have their Fee Claims allowed as Administrative Claims in accordance with Bankruptcy Code §§ 330 and 331, as may be modified by any Final Order of the Bankruptcy Court. Each Professional employed under Bankruptcy Code §§ 327 or 1103 shall, unless specifically exempted from the requirements of Bankruptcy Code §§ 330 and 331 by Final Order of the Bankruptcy Court, file an application for a final award of such Professional's Fee Claim within thirty (30) days of the Confirmation Date in order to receive payment of the Allowed Fee Claim under the Plan. Subject to the Plan Proponent's claims and

12

defenses concerning any disputed liability for services rendered or expenses incurred by any Professional or other Entity, which may be brought before the Bankruptcy Court or any other court of competent jurisdiction, the Bankruptcy Court shall not be required to award or otherwise authorize payment of fees and expenses to any Professional for services rendered or expenses incurred after the Confirmation Date unless the Confirmation Order is reversed, vacated, or otherwise terminated.

## 5.   TREATMENT OF CLASSES OF CLAIMS

### *5.1 Priority Claims*

| Class | Impairment | Treatment |
|-------|-----------|-----------|
| 1 – Allowed Priority Claims | Unimpaired | Each holder of a Class 1 Claim will be paid in full, in cash, upon the later of the Effective Date or the date on which such Claim is deemed an Allowed Priority Claim by a Final Order. |

### *5.2 Secured Claims*

| Class | Impairment | Treatment |
|---|---|---|
| 2-A – Allowed Secured Claim Arising from Reimbursement Agreements with Fifth Third | Unimpaired | The Plan shall not affect the Debtor's or Fifth Third's rights and/or obligations arising under the terms of the Reimbursement Agreements and the Fifth Third Security Documents. Notwithstanding any other provision of this Plan or the Confirmation Order, upon the Effective Date, the Debtor assumes all obligations of the Reimbursement Agreements and the Fifth Third Security Documents, and the parties shall be bound by the terms thereof. Class 2-A Claims shall continue to be secured by the Real Estate Collateral and the Personal Property Collateral pursuant to the Fifth Third Security Documents, and Fifth Third's mortgages and security interests therein are deemed to and shall remain continuously perfected therein until the Debtor's obligations thereunder are satisfied in full. |
| | | Section 506(b) Claim: The Debtor will reimburse Fifth Third for its attorneys' fees incurred with respect to this Chapter 11 Case and allowed pursuant to Bankruptcy Code § 506(b) (the "506(b) Claim"). Except as may be provided for in a separate order from the Bankruptcy Court, Fifth Third shall submit to the Debtor invoices and other supporting documentation for its 506(b) Claim on the Effective Date or as soon as practicable thereafter, and the Debtor will make payment to Fifth Third within thirty (30) days of such submission. In satisfaction of any Section 506(b) Claim of Fifth Third incurred from the Petition Date through December 31, 2014, Debtor and Fifth Third have agreed on a discounted payment of $80,000.00 to be paid prior to December 31, 2014, pursuant to the terms of an Agreed Order to be tendered to the Court. |
| | | Conditional Requirement to Subordinate Liens on Personal Property Collateral:  Fifth Third agrees to and shall execute an intercreditor agreement and subordination agreement, in form and substance satisfactory to all parties thereto, which shall subordinate the Fifth Third lien in and to the Personal Property Collateral in favor of a new senior lender, only to the extent of the credit actually extended by such new senior lender, and in an amount not to exceed $7,500,000.00, at the request of the Debtor, but not earlier than the occurrence of all of the following events:  (i) the Confirmation Order becomes a Final Order; (ii) the Debtor has satisfied in full the 506(b) Claim, as set forth above; and (iii) all payments to Fifth Third on account of its Class 2-B Claim have been satisfied in full. |
| 2-B – Allowed Secured Claim Arising from Commercial Card Agreement with Fifth Third | Impaired | Between the dates that are thirty (30) days after the Effective Date and one (1) year after the Effective Date, the Debtor shall make twelve (12) regular monthly cash payments of $9,558.00 to the holder of the Class 2-B Claim. Upon receipt of all payments due under the Plan and Confirmation Order, all liens securing the Class 2-B Claim shall be deemed satisfied, and the holder of the Class 2-B Claim shall comply with all applicable laws and reasonable requests of the Plan Proponent to cause a release of such liens securing the Class 2-B Claim, except to the extent that such liens secure the Debtor's payment obligations arising under a Class 2-A Claim. |
| 2-C – Allowed Secured Claim Arising from Rejection of Executory Contract with Iron Mountain | Impaired | Each holder of a Class 2-C Claim will have its Allowed Secured Claim paid in full, in cash, on the date that is thirty (30) days after the Effective Date. Upon receipt of the payment, the lien securing the Class 2-C Claim shall be deemed satisfied, and the holder of the Class 2-C Claim shall comply with all applicable laws and reasonable requests of the Plan Proponent to cause a release of the lien securing the Class 2-C Claim. |

### *5.3 Unsecured Claims*

| Class | Impairment | Treatment |
|---|---|---|
| 3-A – Allowed Unsecured Claims Arising from Bond Financing | Unimpaired | The Plan shall not affect the various parties' rights arising under the Bond Documents. Notwithstanding any other provision of this Plan or the Confirmation Order, upon the Effective Date, the Debtor assumes all obligations of the Bond Documents, and all parties thereto shall continue to be bound by the terms thereof. |
| 3-B – Allowed Unsecured Rejection Claims | Impaired | Between the Effective Date and the date that is six (6) months after the Effective Date, the Debtor will make a sum total of $19,167.13 available for pro rata distribution to all holders of Class 3-B Claims. Other than as provided for in the Plan and Confirmation Order, the timing and frequency of payments to holders of Class 3-B Claims on account of such Claims shall be within the sole discretion of the Plan Proponent. The Plan Proponent may increase the funds available for pro rata distribution to Class 3-B Claims, up to $50,000.00, to provide for full payment of the principal amount of all Allowed Claims eligible for Class 3-B. |
| 3-C – General Allowed Unsecured Claims | Impaired | Between the Effective Date and the date that is six (6) months after the Effective Date, the Debtor will make a sum total of $284,006.76 available for pro rata distribution to all holders of Class 3-C Claims. Other than as provided for in the Plan and Confirmation Order, the timing and frequency of payments to holders of Class 3-C Claims on account of such Claims shall be within the sole discretion of the Plan Proponent. The Plan Proponent may increase the funds available for pro rata distribution to Class 3-B Claims, up to $500,000.00, to provide for full payment of the principal amount of all Allowed Claims eligible for Class 3-C. |

## 6.  RESOLUTION OF DISPUTED CLAIMS

### *6.1 Prosecution of Objections to Claims*

The Plan Proponent will continue to review the Debtor's books and records to verify that creditors filing Proofs of Claim herein assert valid rights to payments against the Estate. If the Plan Proponent or another party in interest files an objection to the allowance of a Claim, said Claim will not become an Allowed Claim unless and until a determination is made by a Final Order of the Bankruptcy Court. Claims in Classes 2-A, 2-B and 3-A constitute Allowed Claims as set forth above, and notwithstanding anything to the contrary herein or in the Confirmation Order, are not subject to any objection.

### *6.2 Bar Date for Objections to Claims*

All objections to Claims must be filed and served on the holders of such Disputed Claims on or before the latter of (a) the date that is twenty-eight (28) days after the Confirmation Date or (b) the date that is twenty-eight (28) days after the applicable bar date for such Claims. If an objection has not been filed to a Proof of Claim or a scheduled Claim by such date, the Disputed Claim will be treated as an Allowed Claim by the Disbursing Agent.

### 6.3 Compromise of Disputed Claims

The Debtor shall retain the power and authority to settle and compromise a Disputed Claim in accordance with Bankruptcy Rule 9019 and upon Bankruptcy Court approval. Following entry of the final decree in this Chapter 11 Case, the Debtor may settle and compromise a Disputed Claim without further need for approval from the Bankruptcy Court or compliance with Bankruptcy Rule 9019.

## 7. UNEXPIRED LEASES AND EXECUTORY CONTRACTS

### 7.1 Assumption or Assumption and Assignment

Except as otherwise provided in the Plan, Confirmation Order, or any Plan Document, on the Effective Date the Debtor will assume or assume and assign, as indicated, each of the Executory Contracts and Unexpired Leases identified in this Table 7.1 pursuant to Bankruptcy Code § 365, unless such Executory Contract or Unexpired Lease has previously expired or terminated pursuant to its own terms.

| Non-Debtor Counterparty | Nature of Executory Contract or Unexpired Lease | To be Assumed or Assumed and Assigned (Assignee) | Cure Claim; Payment |
|---|---|---|---|
| 4710 Champions Trace, LLC | Two (2) office leases | Assumed | $0.00 |
| Ability | SCL Waiver services to eligible Individuals | Assumed | $0.00 |
| Abundant Solutions | Pre-admission assessments | Assumed | $0.00 |
| Access Community Assistant | Admissions based upon pre-admission assessments | Assumed | $0.00 |
| Access Point | Telephone lines for various SCS locations | Assumed | $0.00 |
| Active Day of Louisville | Crisis prevention and response therapy | Assumed | $0.00 |
| Metro Government | Service clients and engage persons w/severe mental illness when needs not met via outpatient services | Assumed | $0.00 |
| Admin. Office of the Courts | Referrals for treatment of AOC Drug Court Participants | Assumed | $0.00 |
| Advantage Staffing | Recruit and refer candidates for employment | Assumed | $0.00 |

| **Non-Debtor Counterparty** | **Nature of Executory Contract or Unexpired Lease** | **To be Assumed or Assumed and Assigned (Assignee)** | **Cure Claim; Payment** |
|---|---|---|---|
| AETNA | Residential treatment-psychiatric chemical dependency, detox, Inpatient rehab-alcohol/drugs | Assumed | $0.00 |
| AFIA | Data center power management equipment and installation | Assumed | $0.00 |
| Agape Community Living | Respite and direct support services to adults with DID | Assumed | $0.00 |
| Alternative Services For Individuals | Crisis prevention and response therapy services | Assumed | $0.00 |
| Anthem/Blue Cross-Blue Shield | Specific plan of benefits for health care services | Assumed | $0.00 |
| Anthem TriWest Healthcare | Provider network | Assumed | $0.00 |
| Applepatch Community Inc. | Services to DID adults | Assumed | $0.00 |
| Applied Behavioral Advancements, LLC | Case management services | Assumed | $0.00 |
| Art on Wheels | Art therapy services for adults with intellectual disabilities | Assumed | $0.00 |
| Associates in Pediatric Therapy | SCL Services to eligible individuals | Assumed | $0.00 |
| Aspen Community Living | Participant support services | Assumed | $0.00 |
| AT&T | Telecommunication services | Assumed | $0.00 |
| Barrowman Case Management | Crisis prevention and response therapy services | Assumed | $0.00 |
| Beacon Health | Specific plan of benefits for health care services | Assumed | $0.00 |
| Behavior Associates, LLC | Support services to individuals with developmental disabilities | Assumed | $0.00 |
| Best In-Home Care, LLC | Work to serve individuals with developmental Disabilities | Assumed | $0.00 |
| Blackbaud | Merchant services via database for fundraising | Assumed | $0.00 |
| Beldsoe, Linda K. | Database training and implementation | Assumed | $0.00 |
| Blessed Assurance Community | SCL Waiver services | Assumed | $0.00 |
| Blue Ocean Properties | Warehouse lease | Assumed | $0.00 |
| Bluegrass Center for Autism | CDO services | Assumed | $0.00 |
| Benefit Marketing Solutions | Administration of employee FSA | Assumed | $0.00 |
| Boice.net | IT services | Assumed | $0.00 |
| Boys and Girls Clubs, Inc. | Therapeutic services for children | Assumed | $0.00 |

| **Non-Debtor Counterparty** | **Nature of Executory Contract or Unexpired Lease** | **To be Assumed or Assumed and Assigned (Assignee)** | **Cure Claim; Payment** |
|---|---|---|---|
| Bridgehaven, Inc. | After-hours answering services to Bridgehaven clients; counseling, referrals and follow-up services | Assumed | $0.00 |
| Bridgehaven, Inc. | Mental, developmental, and intellectual disability services; alcohol and drug abuse services | Assumed | $0.00 |
| Brightstar of Louisville | Community living supports services | Assumed | $0.00 |
| Brown-Noltemeyer Co. | Office lease | Assumed | $0.00 |
| Bullitt County Family Court | Provide FIT (Families In Transition) classes to divorcing families | Assumed | $0.00 |
| Bullitt County Health Department | HIV testing for eFMBS (Enhanced Families Moving Beyond Abuse) | Assumed | $0.00 |
| Bullitt County Public Schools | Therapeutic and training services, psychoeducation | Assumed | $0.00 |
| Cabinet for Health & Family Services | Case management services | Assumed | $0.00 |
| CAKY Louisville | DID crisis prevention and response therapy | Assumed | $0.00 |
| Carriage House Educational Services | Speech therapy | Assumed | $0.00 |
| Saliga, Catherine | Participate in Louisville Area 1 Behavior Intervention Committee meetings | Assumed | $0.00 |
| Catholic Charities (KOR) | Therapy, outreach, community forums, and psycho-education | Assumed | $0.00 |
| Catholic Charities | Interpretation and translation services | Assumed | $0.00 |
| CBA-Behavioral Analysts of TX | Behavioral analysis. & therapy, behavioral supports, first responder and direct support professional | Assumed | $0.00 |
| Cedar Lake Residences | Support for community living services | Assumed | $0.00 |
| Centerstone of America, Inc. | Access to the TPC (Treatment Planning Content) | Assumed | $0.00 |
| Central State Hospital | Services to adults with mental illness | Assumed | $0.00 |
| Central State Hospital and KCPC (JCIC) | Provide professional development for intern with opportunity to work in an in-/outpatient setting | Assumed | $0.00 |
| 4710 Champion Trace, LLC | Office space lease | Assumed | $0.00 |
| Children's Therapy Center PSC | Occupational and speech therapy | Assumed | $0.00 |
| Choice Care Network | EPSDT – occupational, physical, speech therapy | Assumed | $0.00 |
| Claims Review Corporation | Invoice processing, reconciliation of remittances, and process billing claims | Assumed | $0.00 |

| **Non-Debtor Counterparty** | **Nature of Executory Contract or Unexpired Lease** | **To be Assumed or Assumed and Assigned (Assignee)** | **Cure Claim; Payment** |
|---|---|---|---|
| ClientTell | Appointment reminders | Assumed | $0.00 |
| Commonwealth Business Center – VOM, LLC | Office lease | Assumed | $0.00 |
| Commonwealth Commercial Real Estate | Treatment center lease | Assumed | $0.00 |
| Commonwealth Nursing Solutions | Make admissions decision based upon pre-admission assessments, participate in POC meetings | Assumed | $0.00 |
| Community Alternatives KY/Rescare | SCL Waiver services | Assumed | $0.00 |
| Community Choices Unlimited | Pre-admission consultation, consult case management provider about changes in services | Assumed | $0.00 |
| Community Coordination Child Care (4C) | Connect callers with appropriate resources | Assumed | $0.00 |
| Community Coordination Child Care (4C) | Mental health services to youth with emotional problems | Assumed | $0.00 |
| Community Family Living | Crisis prevention and response therapy | Assumed | $0.00 |
| Community Living, Inc. | Crisis prevention and response therapy | Assumed | $0.00 |
| Community Living Supports | Collaborative effort to work on behalf of DID individuals in the region | Assumed | $0.00 |
| Community Medical Associates, Inc. | Medical services | Assumed | $0.00 |
| Compass Healthcare Advisors | Provide incentives to help avoid paying higher claims costs | Assumed | $0.00 |
| Coty, MaryBeth- A.P.R.N. | Psychiatric services | Assumed | $0.00 |
| The Data Vault | Storage and retrieval of client medical records | Assumed | $0.00 |
| Day Spring | Crisis prevention and response therapy | Assumed | $0.00 |
| Department for Aging & Independent Living | Guardianship case management for wards of the Commonwealth of Kentucky | Assumed | $0.00 |
| Department of Health & Human Services | Non-profit rate agreement | Assumed | $0.00 |
| Department of Military Affairs | Community crisis response | Assumed | $0.00 |
| Down Syndrome of KY | Adult day training behavioral supports and supported employment | Assumed | $0.00 |
| Dreams with Wings | Functional behavioral  assessments | Assumed | $0.00 |
| Ruth, Erica | Medical Director of JADAC facility | Assumed | $0.00 |
| Frierson, Robert | Medical Director of JADAC facility | Assumed | $0.00 |
| Elderserve, Inc. | Community living supports services | Assumed | $0.00 |

| Non-Debtor Counterparty | Nature of Executory Contract or Unexpired Lease | To be Assumed or Assumed and Assigned (Assignee) | Cure Claim; Payment |
|---|---|---|---|
| ETA Daycare, LLC | Crisis prevention and response Therapy | Assumed | $0.00 |
| Exceptional Equitation | Collaboration to serve individuals in region with developmental disabilities | Assumed | $0.00 |
| Exceptional Teens and Adults | Provide services to adults with developmental disabilities | Assumed | $0.00 |
| Exploring Possibilities, LLC | Behavioral  supports to individuals with intellectual and/or developmental disabilities | Assumed | $0.00 |
| Family Health Centers: Portland | Psychiatric consultation services and input on policy development | Assumed | $0.00 |
| Family Support Services, LLC | Support for children and/or adults who meet eligibility criteria | Assumed | $0.00 |
| FBM Properties, LLC | Treatment center lease | Assumed | $0.00 |
| Federal Bureau of Prisons | Assessments, counseling, evaluation, drug treatment, and  medication monitoring services | Assumed | $0.00 |
| Federal Probation and Parole | Assessments, counseling, and drug testing | Assumed | $0.00 |
| Fifth Third Bank | Merchant bankcard transactions | Assumed | $0.00 |
| Fishman, Philip | Office lease | Assumed | $0.00 |
| First Choice in Psychiatric Recruiting | Recruitment services to secure a psychiatrist | Assumed | $0.00 |
| Fox-Young, Amber | Interpretation services (American Sign Language) | Assumed | $0.00 |
| Garter, Inc. | Research and consultation focusing on information technology | Assumed | $0.00 |
| Gateway Health Plan | Healthcare services to members | Assumed | $0.00 |
| Green Hill Therapy, Inc. | Occupational, physical, and speech therapy | Assumed | $0.00 |
| Guardian | Group life insurance and voluntary term life insurance | Assumed | $0.00 |
| Guardian | Specific plan of benefits for health care services | Assumed | $0.00 |
| Harbor House | Pre-admission consultation, and consult with case management provider regarding assessments | Assumed | $0.00 |
| Healing Hands | SCL waiver services | Assumed | $0.00 |
| HMR Associates, Inc. | Pre-admission consultation, and consult with case management provider regarding assessments | Assumed | $0.00 |
| Home Care for Kids, LLC | Support for children and/or adults with DID | Assumed | $0.00 |

| **Non-Debtor Counterparty** | **Nature of Executory Contract or Unexpired Lease** | **To be Assumed or Assumed and Assigned (Assignee)** | **Cure Claim; Payment** |
|---|---|---|---|
| Home of the Innocents | Support for children and/or adults with DID | Assumed | $0.00 |
| Homeplace Supports | Support for community living services | Assumed | $0.00 |
| Hope Center for Growth | Services to children and adults with developmental disabilities | Assumed | $0.00 |
| Hope Now Hotline | 24-hour crisis intervention | Assumed | $0.00 |
| Housing & Urban Development | Homeless housing support | Assumed | $0.00 |
| Humana | Healthcare services to qualified employees | Assumed | $0.00 |
| Humana Beacon Health | Mental health and substance abuse services | Assumed | $0.00 |
| Humana Catasys | Services to Members referred for OnTrak | Assumed | $0.00 |
| Humana Corp Health | Facilitate the provision of behavioral health care services to covered members | Assumed | $0.00 |
| iCentrix | IT services | Assumed | $0.00 |
| Independence at Heart, LLC | Occupational therapy services to individuals with DID and receive funding through EPSDT | Assumed | $0.00 |
| Independent Industries, Inc. | Support for community living services | Assumed | $0.00 |
| JADAC | On-site substance abuse counseling | Assumed | $0.00 |
| JCPS-McFerran Prep Academy | Educational and therapeutic services | Assumed | $0.00 |
| JCPS-Western High | Clinical services based on student need | Assumed | $0.00 |
| JCPS Waller-Williams | Clinical services based on student need | Assumed | $0.00 |
| JCTC Allied Health/Nursing Students | Provide facility for clinical education for nursing students | Assumed | $0.00 |
| Just Family Adult Day | Crisis prevention and response services | Assumed | $0.00 |
| Kaleidoscope, Inc. | Support for children and/or adults with DID | Assumed | $0.00 |
| Kentuckiana Nursing Service | Crisis and post crisis respite, emergency respite, and Direct Support Professional | Assumed | $0.00 |
| Kentucky Case Management, LLC | Crisis and prevention services | Assumed | $0.00 |
| Kentucky Ey eCare | Office lease; Debtor is lessor | Assumed | $0.00 |
| Kentucky Health Cooperative-KY Exchange | Commercial Insurance | Assumed | $0.00 |
| KIDS Center | Occupational and speech therapy to individuals with intellectual and/or developmental disability | Assumed | $0.00 |

| Non-Debtor Counterparty | Nature of Executory Contract or Unexpired Lease | To be Assumed or Assumed and Assigned (Assignee) | Cure Claim; Payment |
|---|---|---|---|
| KIPDA | Counsel callers with information and resource needs | Assumed | $0.00 |
| Kupper, Don | Pharmacy consultation | Assumed | $0.00 |
| Lagerstrom, Laura | Yoga and mindful meditation instruction to eFMBAs | Assumed | $0.00 |
| Language Line Services, Inc. | Live over-the-phone interpretation | Assumed | $0.00 |
| Laurus | Furnish SCS, Inc. with employees with the requisite skills to perform various jobs tasks | Assumed | $0.00 |
| Infor (US), Inc. | Software license and maintenance agreement | Assumed | $94,478.49 |
| Lee Specialty | Crisis prevention and response | Assumed | $0.00 |
| Levya, Walter & Elizabeth | Housing lease | Assumed | $0.00 |
| Lincoln Way | Case management services to ensure ongoing services to DID individuals | Assumed | $0.00 |
| Link2Health Solutions, Inc. | Respond to Lifeline calls pertaining to Veterans | Assumed | $0.00 |
| Logan's Linen, LLC | Linen services | Assumed | $0.00 |
| Logsdon, Sara | Interpretation services for (American Sign Language) | Assumed | $0.00 |
| Louisville Department of Community Services | Service to the target populations in the Shelter Plus Care Program | Assumed | $0.00 |
| Louisville Jefferson County Metro Government | JADAC lease | Assumed | $0.00 |
| Louisville Independent Case Management | Crisis prevention and response therapy | Assumed | $0.00 |
| Louisville Metro Department Public Health | Service to women with prenatal/post-partum depression in Health Starts program | Assumed | $0.00 |
| Louisville Metro Alliance for Youth | Support and input for the coalition | Assumed | $0.00 |
| Louisville Metro Community Services | Supportive services to the target populations | Assumed | $0.00 |
| Louisville Metro Government | Case management, outreach, referral and linkage to community resources and supportive services | Assumed | $0.00 |
| Louisville Metro Police Department | Provide High Visibility Enforcement (HVE) to prevent underage drinking | Assumed | $0.00 |
| LMPT-Reel Action | Marketing promotion and assistance for Reel Action video contest | Assumed | $0.00 |

22

| Non-Debtor Counterparty | Nature of Executory Contract or Unexpired Lease | To be Assumed or Assumed and Assigned (Assignee) | Cure Claim; Payment |
|---|---|---|---|
| Louisville Music Therapy, LLC | Music Therapy to adults with intellectual disabilities in a psychiatric or behavioral crisis | Assumed | $0.00 |
| Loving Care | Supports for waiver services to individuals with Developmental Disabilities | Assumed | $0.00 |
| Mains'1 | Develop an enhanced data system | Assumed | $0.00 |
| Malone Healthcare Solutions | Supplemental staffing services | Assumed | $0.00 |
| Maryhurst | Collaboration to identify and address treatment needs of youth with emotional disabilities | Assumed | $0.00 |
| Mattingly Center, Inc. | Support for living waiver services to individuals with Developmental Disabilities | Assumed | $0.00 |
| Medical Staffing Network | Provide Certified Nursing Assistants on a temporary basis | Assumed | $0.00 |
| Meeting Challenges, LLC | Community living services to eligible individuals | Assumed | $0.00 |
| Melvin, Kathy | Consultation on marketing/community relations projects | Assumed | $0.00 |
| Metro United Way | Provide building blocks for education, financial stability and healthy lives within the community | Assumed | $0.00 |
| MHC Software Inc. | Software and installation required for Lawson ERP product | Assumed | $0.00 |
| MHNet | Specific plan of benefits for health care services | Assumed | $0.00 |
| My Home Place | Support for community living services to eligible individuals | Assumed | $0.00 |
| Netsmart Technologies, Inc. | Services that involve the use and disclosure of personal health information | Assumed | $0.00 |
| Newcare of Louisville | Support for community living services to eligible individuals | Assumed | $0.00 |
| North Central District Home | Crisis prevention and response therapy | Assumed | $0.00 |
| Norton Healthcare-Norton Physician Services | Linkage agreement to expedite delivery of care | Assumed | $0.00 |
| Ohio Valley Education Co-operative (OVEC) Headstart | Mental health and behavioral health services | Assumed | $0.00 |
| Oldham County Detention Center | Mental health services | Assumed | $0.00 |
| Our Lady of Peace | Collaboration to identify and address treatment needs of youth with emotional disabilities | Assumed | $0.00 |

| **Non-Debtor Counterparty** | **Nature of Executory Contract or Unexpired Lease** | **To be Assumed or Assumed and Assigned (Assignee)** | **Cure Claim; Payment** |
|---|---|---|---|
| Options For Individuals | Support for living waiver services to individuals with Developmental Disabilities | Assumed | $0.00 |
| Options Unlimited, Inc. | SCL Waivers services to eligible individuals | Assumed | $0.00 |
| Paladina Health | Healthcare services to eligible individuals | Assumed | $0.00 |
| Paladina Health | Specific plan of benefits for health care services | Assumed | $0.00 |
| Path Forward | Support for community living services to eligible individuals | Assumed | $0.00 |
| Passport Health | Specific plan of benefits for health care services | Assumed | $0.00 |
| Paycor, Inc. | Payroll services | Assumed | $0.00 |
| Peak Community Supports | Provide Support for community living services to eligible individuals | Assumed | $0.00 |
| Peritus Public Relations, LLC | Public relations and crisis communications services | Assumed | $0.00 |
| Phoenix Health Center-Family Health | Healthcare for the homeless | Assumed | $0.00 |
| Planning for Life, Inc. | Crisis prevention and response services to program | Assumed | $0.00 |
| PrinceCare Group/Mariposa | Art-focused services for individuals with intellectual and Developmental Disabilities | Assumed | $0.00 |
| Promise Neighborhood Initiative | Consultation and collaboration for mental health service provision | Assumed | $0.00 |
| Prosys | Asset recovery and disposal of IT equipment | Assumed | $0.00 |
| QOL Meds, LLC | Eight (8) leases; Debtor is lessor | Assumed | $0.00 |
| QOL Meds, LLC | Service to mental health patients | Assumed | $0.00 |
| REACH of Louisville | SCL waiver services to eligible individuals | Assumed | $0.00 |
| Realizations, LLC | Support broker and financial management services to children & adults with DID | Assumed | $0.00 |
| Ruth University College of Nursing | Provide students with clinical learning experience | Assumed | $0.00 |
| Saint Mary's Center | Crisis prevention and response services | Assumed | $0.00 |
| SCS Learning Center | Administrative and management services | Assumed | $0.00 |
| Senior Helpers | Support broker and financial management services to children & adults with DID | Assumed | $0.00 |

| Non-Debtor Counterparty | Nature of Executory Contract or Unexpired Lease | To be Assumed or Assumed and Assigned (Assignee) | Cure Claim; Payment |
|---|---|---|---|
| Shawnee Christian Healthcare Center | Behavioral health provider | Assumed | $0.00 |
| Southern Strategy Group | Representation before the legislative and executive branches of government | Assumed | $0.00 |
| Southwest Center | Pre-admission consultation for residential program | Assumed | $0.00 |
| Spalding University | Provide students to participate in practicum rotation to assist in areas of the clinical track | Assumed | $0.00 |
| Spalding University enTech | Occupational speech therapy to individuals with intellectual and/or developmental disability | Assumed | $0.00 |
| Square One, LLC | Speech therapy to children with an intellectual or developmental disabilities | Assumed | $0.00 |
| Staples | Pricing contract for office supplies and furniture | Assumed | $0.00 |
| Stephens Behavioral Consulting | Behavioral analysis and therapy, behavioral supports, first responder and direct support professionals | Assumed | $0.00 |
| Stivers Land Company | Treatment center lease | Assumed | $0.00 |
| St. Luke's Center | Board Certified Psychiatrist for facility | Assumed | $0.00 |
| St. Mary's Center | Maintain a list of service providers and assessments | Assumed | $0.00 |
| St. Mary's & Jewish Hospital | Provide peer specialist to provide home visits and other services | Assumed | $0.00 |
| STOP Act Grant DHHS | Funding to partner with community stakeholders to work on underage drinking prevention | Assumed | $0.00 |
| Sullivan University (SUPAP) | Provide facilities, equipment, service for Physician Assistant Program | Assumed | $0.00 |
| TARC | Collaborate to assist with providing accessible, affordable transportation options | Assumed | $0.00 |
| Teri Stolz & Associates, LLC | Speech Therapy to DID individuals | Assumed | $0.00 |
| The Brook Hospitals | Community-based treatment, support and mental health services | Assumed | $0.00 |
| The Kidz Club-KY PPEC, Inc. | Pediatric Medical Day Treatment Facilities | Assumed | $0.00 |
| The PrinceCare Group, LLC | Psychological and behavioral counseling to adults with intellectual disabilities | Assumed | $0.00 |
| THERAplace Learning Center, LLC | Occupational and speech therapy | Assumed | $0.00 |

| Non-Debtor Counterparty | Nature of Executory Contract or Unexpired Lease | To be Assumed or Assumed and Assigned (Assignee) | Cure Claim; Payment |
|---|---|---|---|
| Therapeutic Intervention Services | Crisis prevention and response services | Assumed | $0.00 |
| Time Plus Payroll Services | Payroll processing services for CDO waiver program | Assumed | $0.00 |
| Tinsley-White, Casey | Interpretation services (American Sign Language) | Assumed | $0.00 |
| Tri-Generations, LLC | Community residential services | Assumed | $0.00 |
| Trilogy Real Estate, Kentucky, LLC | Treatment center lease | Assumed | $0.00 |
| Trimble County Head Start | Individual and group therapy, consultation and psycho-education | Assumed | $0.00 |
| Trimble County Public Schools | Mental health services-individual therapy, family therapy and group therapy | Assumed | $0.00 |
| Premier Integrity Solutions | Drug testing for program participants | Assumed | $0.00 |
| UL eFmba (Evaluation) | Program evaluation and data submission | Assumed | $0.00 |
| UL School of Medicine | Provide learning environment for medical students | Assumed | $0.00 |
| Unlimited Possibilities | Pre-admission consultation, participate in POC meeting | Assumed | $0.00 |
| United Behavioral Healthcare | Provide facility for mental health services | Assumed | $0.00 |
| United Behavioral Healthcare | Specific plan of benefits for health care services | Assumed | $0.00 |
| UK College of Medicine | Technical assistance and consulting services | Assume | $0.00 |
| U of L Art Therapy Program | Provide practical learning experiences to all Art Therapy Program students | Assumed | $0.00 |
| U of L Adult Psychiatry Residents | Provide psychiatry residents to SCS for medical services | Assumed | $0.00 |
| U of L Child Psychiatry Residents | Provide psychiatry residents to SCS for medical services | Assumed | $0.00 |
| U of L Dr. Caudill | Medical director for the Center for Supported Living | Assumed | $0.00 |
| U of L Dr. Chris Stewart | Medical Director for the JADAC facility | Assumed | $0.00 |
| U of L Emergency Psychiatry Services (EPS) | Psychiatric evaluation and crisis intervention | Assumed | $0.00 |
| U of L Kent School | Supervision for marriage and family therapy students | Assumed | $0.00 |
| U of L Pediatrics | Mental health services | Assumed | $0.00 |

| **Non-Debtor Counterparty** | **Nature of Executory Contract or Unexpired Lease** | **To be Assumed or Assumed and Assigned (Assignee)** | **Cure Claim; Payment** |
|---|---|---|---|
| U of L Practicum Site Supervisor | Supervision for interns | Assumed | $0.00 |
| U of L Research Foundation | Child traumatic stress research | Assumed | $0.00 |
| U of L SAMSHA | Behavioral health services to children | Assumed | $0.00 |
| U of L School of Medicine | Provide learning environment for medical students | Assumed | $0.00 |
| University healthcare-Passport Health | Occupational therapy to qualified individuals | Assumed | $0.00 |
| University Healthcare-Passport Health | Occupational therapy to child clients | Assumed | $0.00 |
| University Healthcare-Passport Health | Basic health services to qualified individuals | Assumed | $0.00 |
| University Medical Center | Inpatient physician services to clients at JADAC | Assumed | $0.00 |
| Upside Therapeutic Riding, Inc. | Physical and occupational therapy to DID individuals | Assumed | $0.00 |
| Value Options, INC-JADAC | Provide facility for mental health services | Assumed | $0.00 |
| Veracode, Inc. | Cloud based application for security audit | Assumed | $0.00 |
| Visually Impaired Preschool (VIPS) | CDO Services | Assumed | $0.00 |
| VNA Nazareth Home | Clinical services | Assumed | $0.00 |
| VOA Freedom House | Case management services through Project Link | Assumed | $0.00 |
| Vocational Rehabilitation (VOCAL) | Employment for Severely mentally ill population | Assumed | $0.00 |
| Volunteers of America of Kentucky | Services for child and family behavioral health and developmental disabilities families | Assumed | $0.00 |
| Volunteers of America (Medicaid) | Case management for Medicaid recipients and DBHDID | Assumed | $0.00 |
| Wayne Corporation | Design, implement, and operate programs of special assistance | Assumed | $0.00 |
| Wellcare | Specific plan of benefits for health care services | Assumed | $0.00 |
| Wellspring, Inc. | Office lease | Assumed | $0.00 |
| Wellspring, Inc. | Outpatient mental health treatment services | Assumed | $0.00 |
| Wellspring, Inc. (Medicaid/DBHDID) | Mental health services for Medicaid recipients and DBHDID | Assumed | $0.00 |
| Westport Medical | SCL waiver services | Assumed | $0.00 |

| **Non-Debtor Counterparty** | **Nature of Executory Contract or Unexpired Lease** | **To be Assumed or Assumed and Assigned (Assignee)** | **Cure Claim; Payment** |
|---|---|---|---|
| Windstream | Telecommunications networks for locations | Assumed | $0.00 |
| YMCA Southwest | Crisis prevention and response therapy | Assumed | $0.00 |
| Zenprise, Inc. | Mobile device management via "cloud" service | Assumed | $0.00 |
| ZirMed | Electronic billing service of CDO services | Assumed | $0.00 |
| Zoom Group | SCL waiver services to eligible individuals | Assumed | $0.00 |
| CHFS/Acute Child Psychiatric Assessments | Crisis assessment and in-home intervention for medically indigent children | Assumed | $0.00 |
| CHFS/Central State Hospital-DBHDID | Provide qualified licensed personnel for operational, managerial and administration support for Central State Hospital | Assumed | $0.00 |
| CHFS-DBHDID | Community based services for behavioral, health, DID, substance abuse, community care and  support | Assumed | $0.00 |
| CHFS/Dept. of Medicaid Services | Assessment and reassessment services to the Michelle P. Waiver Program | Assumed | $0.00 |
| CHFS/Dept. of Public Health | Serve as Point of Entry (POE) for KIPDA, responsible for Child Find, screenings, intake, and assessments | Assumed | $0.00 |
| CHFS-Div. of Maternal & Child Health | Training to service coordinators, child evaluation specialists and early intervention specialists | Assumed | $0.00 |
| CHFS/Community Health Centers-SCS | Intensive outpatient substance abuse treatment programs | Assumed | $0.00 |
| CHFS/Co-Occurring Treatment Program | Assistance for seamless transition of offenders from prison to community | Assumed | $0.00 |
| CHFS/DAIL (Dept. Aging & Independent Living) | Guardianship case management for wards of the commonwealth | Assumed | $0.00 |
| CHFS/DCBS-24-Hr. Hotline | 24-hour hotline services for child abuse, adult crisis, adult guardianship and information | Assumed | $0.00 |
| CHFS/DCBS-Impact Plus | Crisis stabilization | Assumed | $0.00 |
| CHFS/DCBS-START Program | Substance abuse treatment and mental health services | Assumed | $0.00 |
| CHFS/Family Preservation Reunification Services | Intensive in-home services to qualifying families in Jefferson County with finalized adoptions | Assumed | $0.00 |

| **Non-Debtor Counterparty** | **Nature of Executory Contract or Unexpired Lease** | **To be Assumed or Assumed and Assigned (Assignee)** | **Cure Claim; Payment** |
|---|---|---|---|
| CHFS/Hart Supported Living | Administration of the Hart-Supported Living Program | Assumed | $0.00 |
| CHFS/Housing First-DBHDID | Operation and management of Housing-First (Champion's Trace) | Assumed | $0.00 |
| CHFS/Integrated Family Based Trmnt. Grant | Provide a licensed psychologist for family based substance abuse treatment in the institution | Assumed | $0.00 |
| CHFS/JADAC | Substance abuse case management | Assumed | $0.00 |
| CHFS/KIPDA | Community collaboration for children program | Assumed | $0.00 |
| CHFS/KY Community Crisis Response Board | Target services for individuals with disabilities, low-income, in need of assistance due to a disaster | Assumed | $0.00 |
| CHFS/KY Correctional Psychiatric Center | Administrative staffing assistance and consultative services | Assumed | $0.00 |
| CHFS/KY Dept of Correct's Family Based Trt | Establish a modified therapeutic treatment community model to enable treatment staff to serve clients | Assumed | $0.00 |
| Well Care of Kentucky, Inc. | Provide facility for behavioral health provider | Assumed | $0.00 |
| Aflac | Voluntary employee benefits | Assumed | $0.00 |
| Altman Insurance Services | General brokerage agreement | Assumed | $0.00 |
| BMS | Flex-spending and dependent care accounts for employees | Assumed | $0.00 |
| Ceridian | COBRA administration | Assumed | $0.00 |
| Cigna Behavioral Health | Institutional services agreement (with Seven Counties – Jefferson Alcohol and Drug Abuse Center) | Assumed | $0.00 |
| Cigna | LINA Group Accident Policy | Assumed | $0.00 |
| Companion Life | Voluntary employee benefits | Assumed | $0.00 |
| Guardian | Long term disability, dental, and vision employee benefits | Assumed | $0.00 |
| KESA | Workers' compensation insurance agreement | Assumed | $0.00 |
| Louisville Medical Center Federal Credit Union | Membership eligibility agreement | Assumed | $0.00 |
| Prudential | 403(b) plan employee benefits | Assumed | $0.00 |
| UMB Bank | Administration of HSA accounts | Assumed | $0.00 |
| Wyatt, Tarrant, & Combs | Legal counseling of employee benefits | Assumed | $0.00 |

The Plan Proponent reserves its right, at any time prior to the Effective Date, to amend Table 7.1 to (a) delete any Executory Contract or Unexpired Lease listed therein, thereby providing for its rejection pursuant to Section 7.2; or (b) add any Executory Contract or Unexpired Lease thereto, thereby providing for its assumption or assumption and assignment pursuant to this Section 7.1. The Plan Proponent will provide notice of any amendment to Table 7.1 to any party to the Executory Contract(s) or Unexpired Lease(s) affected thereby and to the parties on the service list in the Chapter 11 Case. Each contract and lease listed on Table 7.1 will be assumed only to the extent that any such contract or lease constitutes an Executory Contract or Unexpired Lease. Listing a contract or lease on Table 7.1 will not constitute an admission by the Plan Proponent that such contract or lease is an Executory Contract or Unexpired Lease or that the Debtor or Estate has any liability thereunder.

### (A) Cure Claims

To the extent that a party to an Executory Contract or Unexpired Lease identified in Table 7.1 has an Allowed Claim for monetary defaults under the applicable Executory Contract or Unexpired Lease, said Claim will be satisfied, pursuant to Bankruptcy Code § 365(b)(1), at the option of the Debtor or its assignee, if any, (1) by payment of the amount of the Cure Claim in cash on the Effective Date or (2) on such other terms as are agreed to by the parties to such Executory Contract or Unexpired Lease. The Debtor has identified its calculation of the Cure Claim for each Executory Contract or Unexpired Lease to be assumed or assumed and assigned and the proposed treatment of such Cure Claim in Table 7.1. Pursuant to Bankruptcy Code § 365(b)(2)(D), no Cure Claim shall be allowed for a penalty rate or other form of default rate of interest. If there is a dispute regarding (1) the amount of any Cure Claim, (2) the ability of the Debtor or its assignee to provide "adequate assurance of future performance" (within the meaning of Bankruptcy Code § 365) under the Executory Contract or Unexpired Lease to be assumed, or (3) any other matter pertaining to assumption or assumption and assignment of such Executory Contract or Unexpired Lease, the payment of any Cure Claim required by Bankruptcy Code § 365(b)(1) will be made following the entry of a Final Order resolving the dispute and approving the assumption or assumption and assignment.

### (B) Bankruptcy Court Approval

The Confirmation Order will constitute an order of the Bankruptcy Court approving, as of the Effective Date, the assumptions or assumptions and assignments described in Table 7.1 pursuant to Bankruptcy Code § 365. An order of the Bankruptcy Court entered on or prior to the Confirmation Date, which may be included as part of the Confirmation Order, will specify the procedures for providing to each party whose Executory Contract or Unexpired Lease is being assumed or assumed and assigned pursuant to the Plan notice of: (1) the Executory Contract or Unexpired Lease being assumed or assumed and assigned; (2) the amount of the Cure Claim, if any, that the Debtor believes is required to be paid in connection with such assumption; and (3) the procedures for such party to object to the assumption or assumption and assignment of the applicable Executory Contract or Unexpired Lease or the proposed amount of the Cure Claim. If an objection to a proposed assumption or assumption and assignment is not resolved in favor of the Debtor, the applicable Executory Contract or Unexpired Lease may be designated for rejection, which shall be deemed effective as of the Effective Date.

### 7.2 Rejection

Except as otherwise provided in the Plan, Confirmation Order, any Plan Document, or any Final Order previously approving the assumption, assumption and assignment, or rejection of any Executory Contract or Unexpired Lease not identified in Table 7.1 (as may be amended prior to the Effective Date), on the Effective Date the Debtor will be deemed to have rejected each Executory Contract or Unexpired Lease entered into by the Debtor prior to the Petition Date that has not previously expired or terminated pursuant to its own terms. Each Executory Contract or Unexpired Lease rejected under this Section 7.2 shall be rejected only to the extent that any such contract or lease constitutes an Executory Contract or Unexpired Lease. Notwithstanding anything to the contrary in this Plan or the Confirmation Order, the Bond Documents, Reimbursement Agreements and the Fifth Third Security Documents shall not be rejected.

### (A) Rejection Claims

If the rejection of an Executory Contract or Unexpired Lease gives rise to a Claim (including any Claim arising from those indemnification obligations described in Section 7.3), such Claim will be forever barred and will not be enforceable against the Debtor, its successor, or their property unless a Proof of Claim is filed timely in accordance with Section 3.3(C) of the Plan. Except as otherwise required under Bankruptcy Code § 503(b)(7), an Allowed Claim arising from the rejection of any Executory Contract or Unexpired Lease will be treated as a Class 3-B Claim.

### (B) Bankruptcy Court Approval

The Confirmation Order shall constitute an order of the Bankruptcy Court approving, as of the Effective Date, the rejection of all Executory Contract or Unexpired Lease not identified in Table 7.1 or otherwise provided for in the Plan, Confirmation Order, any Plan Document, or any Final Order previously approving the assumption, assumption and assignment, or rejection of any Executory Contract or Unexpired Lease.

### 7.3 Obligations to Indemnify Directors, Officers, and Employees

The Debtor's obligations to indemnify any person who, as of the Petition Date, was no longer serving as a director, officer, or employee of the Debtor, which indemnity obligation arose by reason of such person's prior service in any such capacity or as a director, officer, or employee of another Entity, whether provided in the applicable certificate of incorporation, bylaws, or similar constituent documents, by statutory law, or by written agreement, policies, or procedures of or with the Debtor, will be terminated and discharged pursuant to Bankruptcy Code § 502(e) or otherwise, as of the Effective Date; provided, however, that to the extent that such indemnification obligations no longer give rise to contingent Claims that can be disallowed pursuant to Bankruptcy Code § 502(e), such indemnification obligations will be deemed treated as Executory Contracts that are rejected by the Debtor pursuant to the Plan and Bankruptcy Code § 365, as of the Effective Date, and any Claims arising from such indemnification obligations (including any damages for rejection) shall be subject to the bar date provisions of Section 3.3(C) and, if Allowed, treated as a Class 3-B Claim.

## 8.  MEANS OF IMPLEMENTING THE PLAN

### 8.1 Retention of Property of the Estate

Upon the Effective Date, all property of the Estate, except (a) Retained Actions pending before the Bankruptcy Court or any other court of competent jurisdiction as of the Effective Date, or (b) the Debtor's interests in property transferred to any other Entity pursuant to the Plan, Confirmation Order, or any other Plan Document, shall be deemed to have been administered for purposes of Bankruptcy Code § 350 and shall be retained by the Debtor. In accordance with Bankruptcy Code § 554(d), the Confirmation Order shall be deemed to be an order abandoning the Estate's interest in all property except the property interests described in clauses (a) or (b) of the preceding sentence, including, without limitation, any interest of the Debtor in property not scheduled under Bankruptcy Code § 521(a)(1).

### 8.2 Post-Confirmation Operations

Following Confirmation, the Debtor's business operations will continue to be directed and managed by those individuals hired by the Debtor's Board of Directors prior to the Petition Date. As suggested in the Debtor's financial projections submitted with the Disclosure Statement, the Debtor expects that its post-Confirmation operations will generate revenues sufficient to satisfy and discharge both its obligations established by the Plan and those obligations incurred in the course of post-Confirmation operations.

### 8.3 Post-Confirmation Financing

The Debtor's ability to consummate the Plan or otherwise continue operating is not contingent on obtaining any loan, investment, or other financial accommodation from any Entity. Nevertheless, nothing in the Plan or Confirmation Order shall be construed to prohibit, limit, or require Bankruptcy Court approval of the Debtor's pursuit of additional capital or funding from any source after the Effective Date.

## 9. PROVISIONS GOVERNING DISTRIBUTIONS

### 9.1 Use of Disbursing Agent

The Plan Proponent, or such third party as the Plan Proponent may employ in its business discretion, will make all distributions of cash required under the Plan. Any Disbursing Agent may serve without bond, and any Disbursing Agent may employ or contract with other Entities to make or assist with distributions required by the Plan.

### 9.2 Distributions for Claims Allowed as of the Effective Date

Except as otherwise provided in this Section 9, distributions of cash to be made on the Effective Date to holders of Claims that are Allowed Claims as of the Effective Date will be deemed made on the Effective Date if made on the Effective Date or as promptly thereafter as practicable, but in any event no later than: (a) sixty (60) days after the Effective Date; or (b) such later date when the applicable conditions of Section 7.1(A) (regarding payment of Cure Claims), and/or Section 9.7 (regarding undeliverable distributions) are satisfied.

### 9.3 Delay of Distribution on Disputed Claims

Notwithstanding any other provisions of the Plan, no distributions will be made on account of a Disputed Claim unless and until such Claim becomes an Allowed Claim. In the event that a Disputed Claim becomes an Allowed Claim pursuant to a Final Order, the Disbursing Agent shall make all distributions then due on account of such Allowed Claim on or before the end of the calendar quarter immediately following the quarter in which such Claim became an Allowed Claim pursuant to Final Order. Under no circumstances will holders of such Claims be entitled to receive interest on account of their respective Allowed Claims.

### 9.4 Timing and Calculation of Amounts to be Distributed

Pursuant to the terms and conditions of the Plan, each holder of an Allowed Claim will receive the Pro Rata amount of the distributions that the Plan provides for Allowed Claims in the applicable Class. However, no Disbursing Agent shall be required to make distributions or payments of fractions of dollars to members of Class 3-B or Class 3-C. Whenever any payment of a fraction of a dollar under the Plan would otherwise be called for under the principles of Pro Rata distribution, it shall be within the Disbursing Agent's sole discretion to make an actual payment that reflects a rounding of such amount to the nearest whole dollar (up or down), with half dollars or more being rounded up.

### 9.5 De Minimis Distributions

No Disbursing Agent will be required to distribute cash to the holder of an Allowed Claim in an impaired Class if the aggregate amount of cash to be distributed on account of such Claim is less than $5.00. Any holder of an Allowed Claim on account of which the aggregate amount of cash to be distributed is less than $5.00 will have its Claim discharged and will be forever barred from asserting such Claim against the Debtor or its property.

### 9.6 Delivery of Distributions

Except as provided in Section 9.7, distributions to members of Class 3-B and Class 3-C will be made by the Disbursing Agent: (a) at the address set forth on the respective Proofs of Claim filed by the holders of such Claims; (b) at the address set forth in any written certification of address change filed with the Bankruptcy Court or delivered to the Disbursing Agent (including pursuant to a letter delivered to the Plan Proponent) after the date a related Proof of Claim has been filed; or (c) at the address reflected in the Schedules if no Proof of Claim has been filed and the Disbursing Agent has not received a written notice of a change of address.

### 9.7 Undeliverable Distributions

If any distribution to the holder of a Class 3-B or Class 3-C Claim is returned to the Disbursing Agent as undeliverable, neither the Plan Proponent nor Disbursing Agent shall have an obligation to notify or attempt to notify such member of the undeliverable status of said distribution. Subject to Section 9.8, the Disbursing Agent shall retain possession of undeliverable distributions until thirty (30) days after a distribution becomes deliverable by receipt of written

notification of the applicable holder's then-current address. Undeliverable distributions that subsequently become deliverable pursuant to this Section 9.7 shall be made to the applicable holder without interest.

### 9.8 Unclaimed Distributions

All distributions made pursuant to this Plan in the form of cash payments shall be available to the applicable Claim holder for a period of six (6) months from the date that the Disbursing Agent makes the distribution, notwithstanding the undeliverable status of any distribution. Following expiration of the six-month period, the amounts in respect of any remaining unclaimed distributions allocated for such Class will revert to the Debtor. Upon such reversion, the Claim of any Claim holder or its successor with respect to such Claim shall be discharged and forever barred notwithstanding any federal or state escheat laws to the contrary.

### 9.9 Compliance with Tax Requirements

#### (A) Withholding by Disbursing Agent

In connection with the Plan, and to the extent applicable, any Disbursing Agent shall comply with all Tax withholding and reporting requirements imposed on it by any governmental unit, and all distributions pursuant to the Plan will be subject to applicable withholding and reporting requirements. Each Disbursing Agent will be authorized to take any actions that may be necessary or appropriate to comply with those withholding and reporting requirements, including requiring recipients to fund the payment of such withholding as a condition to delivery of distributions pursuant to the Plan.

#### (B) Payment of Taxes on Receipt of Distribution

Notwithstanding any other provision of the Plan, each Entity receiving a distribution of cash pursuant to the Plan will have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed on it by any governmental unit on account of the distribution, including income, withholding, and other tax obligations.

### 9.10        Setoffs

Except with respect to Claims of the Debtor released pursuant to the Plan or any contract, instrument, release, or other agreement or document entered into or delivered in connection with the Plan, the Debtor or a Disbursing Agent may, pursuant to Bankruptcy Code § 553 or applicable non-bankruptcy law, setoff against any Allowed Claim and the distributions to be made pursuant to the Plan on account of such Claim (before any distribution is made on account of the Claim) the Claims, rights, and causes of action of any nature that the Debtor may hold against the holder of such Allowed Claim; provided, however, that neither the failure to effect a setoff nor the allowance of any Claim hereunder will constitute a waiver or release by the Debtor of any Claims, rights, and causes of action that the Debtor may possess against the Claim holder.

## 10. CONDITIONS PRECEDENT TO CONSUMMATION OF THE PLAN

### 10.1    *Occurrence of the Effective Date*

The Effective Date will not occur, and the Plan will not be consummated, unless and until each of the following conditions has been satisfied or duly waived pursuant to Section 10.2: (a) the Bankruptcy Court shall have entered one or more orders (which may include the Confirmation Order) approving and authorizing the Debtor to take all actions necessary or appropriate to implement the Plan in form and substance reasonably acceptable to the Plan Proponent, which shall include provisions for the implementation and consummation of the transactions, contracts, instruments, releases, and other agreements or documents entered into or delivered in connection with the Plan; (b) the Bankruptcy Court shall have entered one or more orders (which may include the Confirmation Order) authorizing the assumption or rejection of Unexpired Leases and Executory Contracts by the Debtor as contemplated by Section 7 of the Plan; and (c) all other actions, documents, consents, and agreements necessary to implement the Plan shall have been effectuated, obtained, and/or executed.

### 10.2    *Waiver of Conditions*

The conditions to the occurrence of the Effective Date set forth in Section 10.1 may be waived in whole or in part by the Debtor without an order of the Bankruptcy Court.

### 10.3    *Effect of Nonoccurrence of Conditions*

If each of the conditions to the Effective Date is not satisfied or duly waived in accordance with Section 10.2, then upon motion by the Debtor made before the time that each of such conditions has been satisfied or duly waived and upon notice to such parties in interest as the Bankruptcy Court may direct, the Confirmation Order will be vacated by the Bankruptcy Court; provided, however, that, notwithstanding the filing of such motion, the Confirmation Order may not be vacated if each of the conditions to the Effective Date is either satisfied or duly waived before the Bankruptcy Court enters an order granting such motion. If the Confirmation Order is vacated pursuant to this Section 10.3: (1) the Plan will be null and void in all respects, including with respect to (a) any assumptions of Executory Contracts and Unexpired Leases pursuant to Section 7.1 and (b) the releases described in Section 12; and (2) nothing contained in the Plan will (a) constitute a waiver or release of any Claims by or against, or any Interest in, the Debtor, (b) prejudice in any manner the rights of the Debtor or any other party in interest, or (c) constitute an admission, acknowledgement, offer, or undertaking by the Debtor or any other party in interest in any respect.

## 11. DISCHARGE

On the Confirmation Date, the Debtor will be discharged from any debt that arose before Confirmation, subject to the occurrence of the Effective Date, to the extent specified in Bankruptcy Code § 1141(d)(1)(A), except that the Debtor will not be discharged of any debt: (i) imposed by the Plan (including obligations under the Bond Documents, Reimbursement

Agreements and Fifth Third Security Documents); (ii) of a kind specified in Bankruptcy Code § 1141(d)(6)(A) if a timely complaint was filed in accordance with Bankruptcy Rule 4007(c); or (iii) of a kind specified in Bankruptcy Code § 1141(d)(6)(B).

Upon entry of the Confirmation Order, all claimants, including holders of Disputed Claims, but excluding claimants or counterparties under the Bond Documents, Reimbursement Agreements and Fifth Third Security Documents, shall be forever barred and enjoined from any attempt to assess, demand, or collect such discharged indebtedness from the Debtor.

## 12. RELEASE AND INJUNCTION

### 12.1    *Release of Assets*

The Bankruptcy Court shall retain jurisdiction over the Debtor and its assets until the Effective Date. Thereafter, the Bankruptcy Court's jurisdiction shall be limited to the subject matter set forth in Section 13.2 of the Plan.

### 12.2    *Release of Claims and Controversies*

Pursuant to Bankruptcy Rule 9019 and as consideration for the distributions and other benefits provided under the Plan and Confirmation Order, the provisions of the Plan, including the releases set forth in Sections 12.2(A) and 12.2(B) will constitute a good faith compromise and settlement of all Claims or controversies relating to the rights that a holder of a Claim or Interest may have with respect to any Allowed Claim or Allowed Interest or any distribution to be made pursuant to the Plan on account of any Allowed Claim or Allowed Interest. Entry of the Confirmation Order will constitute the Bankruptcy Court's approval of the compromise or settlement of all such Claims or controversies and the Bankruptcy Court's finding that such compromise or settlement is in the best interests of the Debtor, the Estate, and holders of Claims and Interests, and is fair, equitable, and reasonable.

#### (A) Release by Debtor and Estate

As of the Effective Date, in consideration of the compromises, settlements, and transfers embodied in this Plan, the Debtor, on its behalf and as representative of the Estate, shall release unconditionally, and are hereby deemed to release unconditionally, each and all of (i) its directors, officers, employees, underwriters, investment bankers, financial advisors, members, managers, and agents who served in such capacities as of the Petition Date or thereafter from all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities (other than the right to enforce the Debtor's rights under the Plan and the contracts, instruments, releases, agreements, and documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising in law, equity, or otherwise, that are based in whole or in part on any act, omission, transaction, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtor, the Estate, the Chapter 11 Case, the Plan, or the Disclosure Statement.

### (B) Release by Holders of Claims and Interests

As of the Effective Date, in consideration of the obligations of the Debtor under the Plan and the distributions and other contracts, instruments, releases, agreements, or documents to be entered into or delivered in connection with the Plan, each holder of a Claim or Interest that votes in favor of the Plan will be deemed to forever release, waive, and discharge all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than the right to enforce the Debtor's obligations under the Plan and the contracts, instruments, releases, agreements, and documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising in law, equity, or otherwise, that are based in whole or in part on any act, omission, transaction, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtor, the Chapter 11 Case, the Plan, or the Disclosure Statement (collectively, the "Released Claims") that such Entity has, had, or may have against the Debtor and its present or former directors, officers, employees, attorneys, accountants, underwriters, investment bankers, financial advisors, members, managers, and agents, as of the Petition Date, during the Chapter 11 Case, or as of the Effective Date acting in any such capacity. This release shall be in addition to the discharge of Claims and termination of Interests provided herein and under the Bankruptcy Code and Confirmation Order.

For purposes of clarity, except as specifically provided in the Plan, the Confirmation Order, or any Plan Document, the Released Claims shall not be deemed to include Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities against or of any guarantor or co-obligor of the Debtor, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, then existing or thereafter arising in law, equity, or otherwise, that are based on any guaranty or instrument executed by such Entity in its capacity other than as an authorized agent of the Debtor. Notwithstanding anything to the contrary herein or in the Confirmation Order, Released Claims shall not include Claims of any claimant or counterparty pursuant to the Bond Documents, the Reimbursement Agreements, or the Fifth Third Security Documents.

### 12.3      Continuation of Bankruptcy Injunctions or Stays

Unless otherwise provided by the Confirmation Order or other order from the Bankruptcy Court, all injunctions or stays existing in this Chapter 11 Case pursuant to Bankruptcy Code §§ 101 or 362, or otherwise, and in effect at Confirmation shall remain in full force and effect until entry of the Final Decree in this Chapter 11 Case, except, on and after the Effective Date, that no stay shall operate to deny any party its rights pursuant to the Bond Documents, Reimbursement Agreements and/or Fifth Third Security Documents.

### 12.4      Post-Confirmation Injunctions

**The Confirmation Order shall permanently enjoin the commencement or prosecution by any Entity, whether directly, derivatively, or otherwise, of any Claims, obligations, suits, judgments, damages, debts, rights, causes of action, or liabilities released pursuant to the Plan, including, without limitation, the releases set forth in Section 12.2.**

**Except as provided in, or for the purpose of enforcing, the Plan, Confirmation Order, or any Plan Document, all Entities that hold or have held (1) a Claim or other debt or liability against the Debtor that would be discharged upon Confirmation but for Bankruptcy Code § 1141(d)(3), or (2) an Interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan will be permanently enjoined, as of the Effective Date, from taking any of the following actions on account of any such Claims, debts, liabilities, terminated Interests, or terminated rights: (a) commencing or continuing in any manner any action or other proceeding against the Debtor or its property (other than to enforce any right to a distribution pursuant to the Plan); (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtor or its property, other than as permitted pursuant to clause (a) above; (c) creating, perfecting, or enforcing any lien or encumbrance against the Debtor or its property; (d) asserting a right of setoff, subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtor; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.**

**All Entities that hold, may hold, or have held any Released Claims will be permanently enjoined, as of the Effective Date, from taking any of the following actions against any released Entity or its property on account of such Released Claims: (a) commencing or continuing in any manner any action or other proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a right of setoff, subrogation, or recoupment of any kind against any debt, liability, or obligation due to any released Entity; and (e) commencing or continuing any action, in any manner or in any place, that does not comply with or is inconsistent with the provisions of the Plan.**

**By accepting distributions pursuant to the Plan, each holder of an Allowed Claim so receiving shall be deemed to have specifically consented to the injunctions set forth in this Section 12.4. Nothing herein or in the Confirmation Order, however, shall operate to enjoin any party to the Bond Documents, Reimbursement Agreements, and/or Fifth Third Security Documents from exercising and/or enforcing their rights thereunder pursuant to the terms thereof.**

## 13. MISCELLANEOUS PROVISIONS

### 13.1    Modification of Plan

Subject to the restrictions on modifications set forth in Bankruptcy Code § 1127, the Plan Proponent reserves the right to alter, amend, or modify the Plan before the Effective Date.

### 13.2    Retention of Jurisdiction

Upon entry of the Confirmation Order, the Bankruptcy Court shall retain exclusive jurisdiction of all matters arising out of, and related to, the Chapter 11 Case and implementation of the Plan, including, without limitation, the matters described in this Section 13.2. Notwithstanding these

provisions, the Plan Proponent and any Entity may agree in writing that the jurisdiction of the Bankruptcy Court is not exclusive, but concurrent with other courts of competent jurisdiction.

If the Bankruptcy Court abstains from exercising or is otherwise without jurisdiction over any matter arising out of this Chapter 11 Case, including the matters described in this Section 13.2, or if the Plan Proponent elects to bring an action in any other forum, this Section 13.2 shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction by any other court of competent jurisdiction with respect to such matter.

### (A) Contested Matters

The Bankruptcy Court shall adjudicate any and all adversary proceedings, applications, and contested matters that may be commenced or maintained pursuant to this Chapter 11 Case or the Plan, all proceedings to adjudicate the allowance of Disputed Claims and/or Disputed Interests, and all controversies and issues arising from or relating to any of the foregoing.

### (B) Executory Contracts and Unexpired Leases

The Bankruptcy Court shall hear and determine all pending motions for (i) the assumption or rejection, or (ii) the assumption and assignment of Executory Contracts and Unexpired Leases to which the Debtor is a party or with respect to which the Debtor may be liable, and to hear and determine the allowance of Claims resulting therefrom including the amount of the Cure Claim.

### (C) Distributions

The Bankruptcy Court shall ensure that distributions to holders of Allowed Claims and Allowed Interests are accomplished as provided in the Plan.

### (D) Claims Resolution

The Bankruptcy Court shall hear and determine all proceedings to allow, disallow, determine, liquidate, classify, reclassify, estimate, or establish the priority, secured, or unsecured status of any Claim or Interest, including the resolution of any request for payment of any Administrative Expense and the resolution of any objections to the allowance, priority, or classification of Claims or Interests.

### (E) Remedial Orders

The Bankruptcy Court shall retain jurisdiction to enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason or in any respect modified, stayed, reversed, revoked, or vacated, or the distributions under the Plan are enjoined or stayed.

### (F) Consummation of the Plan

The Bankruptcy Court shall retain jurisdiction to enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents entered into or delivered in connection with the Plan, the Disclosure Statement, or Confirmation Order.

### (G) Modification

The Bankruptcy Court shall retain jurisdiction to modify the Plan before or after the Effective Date pursuant to Bankruptcy Code § 1127; modify the Confirmation Order or any contract, instrument, release, or other agreement or document entered into or delivered in connection with the Plan, the Disclosure Statement, or the Confirmation Order; or remedy any defect or omission or reconcile any inconsistency in any Bankruptcy Court Order, the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document entered into, delivered, or created in connection with the Plan, the Disclosure Statement, or the Confirmation Order, in such manner as may be necessary or appropriate to consummate the Plan.

(H) *Fee Applications*

The Bankruptcy Court shall hear and determine all applications for compensation and reimbursement of Fee Claims under the Plan or Bankruptcy Code §§ 330, 331, 503(b), 1103, and 1129(a)(4).

(I) *Priority Claims*

The Bankruptcy Court shall hear and determine requests for the payment of Claims entitled to priority under Bankruptcy Code § 507(a), including compensation of and reimbursement of expenses of parties entitled thereto.

(J) *State, Local, and Federal Taxes*

The Bankruptcy Court shall hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code §§ 346, 505, and 1146.

(K) *Injunctions*

The Bankruptcy Court shall retain jurisdiction to issue injunctions, enforce the injunctions contained in the Plan and Confirmation Order, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation, implementation, or enforcement of the Plan or the Confirmation Order.

(L) *Retained Actions*

The Bankruptcy Court shall, unless otherwise specifically provided in the Confirmation Order or in a prior order of the Bankruptcy Court, have exclusive jurisdiction to hear and determine disputes concerning Retained Actions

(M) *Enforcement of Orders*

The Bankruptcy Court shall retain jurisdiction to enforce all orders previously entered by the Bankruptcy Court.

**13.3      Reservation of Rights**

The filing of the Plan, any statement or provision contained herein, or any action taken by any Entity with respect to the Plan shall not be, or be deemed to be, (i) an admission against interest nor (ii) a waiver of any rights which the Debtor may have against any Entity, or which any Entity

may have against the Debtor, Debtor's property, the Estate, or any other Entity. All such rights are specifically reserved until Confirmation. In the event that no Confirmation Order is entered, neither this Plan nor any statement contained herein or any action taken by any Entity with respect to the Plan may be used or relied upon in any manner in any suit, action, proceeding, or controversy within or outside of this Chapter 11 Case.

### 13.4        *Limitation of Liability*

The Plan Proponent and its directors, officers, employees, predecessors, successors, members, and agents, acting in such capacity, will neither have nor incur, and are hereby forever release and discharged from, any claims, obligations, suits, judgments, damages, rights, causes of action, or liabilities asserted or held by any Entity for any act or omission in connection with, arising out of, or related to their participation in this Chapter 11 Case and in the formulation, preparation, dissemination, implementation, Confirmation, or consummation of the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created or entered into, or any other act taken or omitted to be taken, in connection with the Plan; provided, however, that the foregoing provisions of this Section 13.4 will have no effect on: (a) the liability of any person or Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release, or other agreement or document to be entered into or delivered in connection with the Plan or Confirmation Order; (b) the liability of any person or Entity that would otherwise result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct; or (c) the liability of any person or Entity resulting from any act or omission occurring prior to the Petition Date. Notwithstanding any other provision of the Plan, no holder of a Claim or Interest, or other party in interest, none of their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, and no successors or assigns of the foregoing, shall have any right of action against the parties identified in this Section 13.4 for any act or omission in connection with, relating to, or arising out of this Chapter 11 Case, the pursuit of Confirmation of the Plan, the consummation of the Plan, the administration of the Plan, or the property to be distributed under the Plan, except for their gross negligence or willful misconduct.

### 13.5        *Successors and Assigns*

The rights, benefits, and obligations of any Entity named or referred to in the Plan shall be binding on, and will inure to the benefit of, any heir, executor, administrator, successor, or assign of such Entity.

### 13.6        *Notice of Effective Date*

The Plan Proponent will file a notice with the Bankruptcy Court within fourteen (14) days of the occurrence of the Effective Date.

### 13.7        *Final Decree*

Pursuant to Bankruptcy Rule 3022, the Bankruptcy Court shall enter a final decree upon filing of the notice required by Section 13.6 of the Plan if there are no motions, contested matters, or proceedings related this Chapter 11 Case pending before the Bankruptcy Court.

## 14. CRAMDOWN

The Plan Proponent hereby requests that the Bankruptcy Court find that the Plan provides fair and equitable treatment of the impaired Classes of Claims and Interests, and, if such Classes do not accept the Plan, that the Bankruptcy Court confirm the Plan notwithstanding Bankruptcy Code § 1129(a)(8).

## 15. RECOMMENDATION AND CONCLUSION

The Plan Proponent submits that this Plan is substantially preferable to liquidation of the Estate under chapter 7 of the Bankruptcy Code. The Plan Proponent believes that the Plan fairly and equitably provides for the treatment of all valid Claims against the Debtor. **Seven Counties Services, Inc. recommends and urges all holders of Claims to vote to accept the Plan.**

IN WITNESS WHEREOF, Seven Counties Services, Inc. has submitted this Plan of Reorganization this 5th day of December, 2014.

/s/ Anthony Zipple

SEVEN COUNTIES SERVICES, INC.
ANTHONY ZIPPLE, SC.D., MBA
Chief Executive Officer

/s/ David M. Cantor

DAVID M. CANTOR
PAUL J. HERSHBERG
CHARITY B. NEUKOMM
JAMES E. MCGHEE III
TYLER R. YEAGER
SEILLER WATERMAN LLC
Meidinger Tower – 22nd Floor
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: cantor@derbycitylaw.com
E-mail: hershberg@derbycitylaw.com
E-mail: neukomm@derbycitylaw.com
E-mail: mcghee@derbycitylaw.com
E-mail: yeager@derbycitylaw.com
*Counsel for Seven Counties Services, Inc.*