UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 13-31442-jal |
| | ) | |

**FIRST IMMATERIAL MODIFICATION TO**
**DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
✼✼✼   ✼✼✼   ✼✼✼

Comes the Debtor, Seven Counties Services, Inc. (the "Debtor"), by counsel, and hereby submits this First Immaterial Modification to its *First Amended Plan of Reorganization* [DN 600] (the "Plan").

1. Duplicator Sales and Service ("DS&S") has an Allowed Claim[1] in the amount of $21,669.24 [Claim No. 32]. DS&S' Allowed Claim is based on several Executory Contract with the Debtor that the Debtor intends to assume, and is therefore an Allowed Cure Claim. Within the Plan, the Debtor erroneously identified the DS&S' Allowed Claim as a Class 3-C Claim. Accordingly:

   a. Section 3.2(G) is modified to reflect the accurate number of Claims and total amount of Class 3-C Claims:

Class 3-C consists of all Allowed Unsecured Claims against the Debtor that are not Administrative Claims, Priority Tax Claims, Priority Claims, Secured Claims, Rejection Claims, or Cure Claims. Upon the Plan Proponent's information and belief as of the date this Plan is proposed, the Plan Proponent estimates that there are 28 Claims entitled to treatment as Class 3-C Claims, and that the total amount of Class 3-C Claims is approximately $262,337.52.

   b. The table within Section 5.3 of the Plan is modified to reflect the accurate total amount of Class 3-C Claims:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Plan.

| **Class** | **Impairment** | **Treatment** |
|---|---|---|
| 3-C – General Allowed Unsecured Claims | Impaired | Between the Effective Date and the date that is six (6) months after the Effective Date, the Debtor will make a sum total of $262,337.52 available for pro rata distribution to all holders of Class 3-C Claims. Other than as provided for in the Plan and Confirmation Order, the timing and frequency of payments to holders of Class 3-C Claims on account of such Claims shall be within the sole discretion of the Plan Proponent. |
| | | The Plan Proponent may increase the funds available for pro rata distribution to Class 3-B Claims, up to $500,000.00, to provide for full payment of the principal amount of all Allowed Claims eligible for Class 3-C. |

    c. The table within Section 7.1 of the Plan is modified to add the Debtor's assumption of the Executory Contract with DS&S and payment of the Cure Claim:

| **Non-Debtor Counterparty** | **Nature of Executory Contract or Unexpired Lease** | **To be Assumed or Assumed and Assigned (Assignee)** | **Cure Claim; Payment** |
|---|---|---|---|
| Duplicator Sales and Service | Multiple service and equipment maintenance contracts | Assumed | $21,669.24 |

    2. In order to address the *Objection to Debtor's Plan of Reorganization* filed by the United States Trustee [DN 606], the Debtor proposes that the Confirmation Order include the following Post-Confirmation Injunction, which modifies and supersedes the Post-Confirmation Injunction formerly requested in Section 12.4 of the Plan:

> **This Confirmation Order permanently enjoins the commencement or prosecution by any Entity, whether directly, derivatively, or otherwise, of any Claims, obligations, suits, judgments, damages, debts, rights, causes of action, or liabilities released pursuant to the Plan, including, without limitation, the releases set forth in Section Error! Reference source not found..**
>
> **Except as provided in, or for the purpose of enforcing, the Plan, Confirmation Order, or any Plan Document, all Entities that hold or have held a Claim or other debt or liability against the Debtor that would be discharged upon Confirmation but for Bankruptcy Code § 1141(d)(3) are permanently enjoined, as of the Effective Date, from taking any of the following actions on account of any such Claims, debts, or liabilities: (a) commencing or continuing in any manner any action or other proceeding against the Debtor or its property (other than to enforce any right to a distribution pursuant to the Plan); (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtor or its property, other than as permitted pursuant to clause (a) above; (c)**

**creating, perfecting, or enforcing any lien or encumbrance against the Debtor or its property; (d) asserting a right of setoff, subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtor; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.**

**All Entities that voted in favor of the Plan and hold, may hold, or have held any Released Claims are permanently enjoined, as of the Effective Date, from taking any of the following actions against any released Entity or its property on account of such Released Claims: (a) commencing or continuing in any manner any action or other proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a right of setoff, subrogation, or recoupment of any kind against any debt, liability, or obligation due to any released Entity; and (e) commencing or continuing any action, in any manner or in any place, that does not comply with or is inconsistent with the provisions of the Plan. For purposes of clarity, except as specifically provided in the Plan, this Confirmation Order, or any Plan Document, the Released Claims shall not be deemed to include Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities against or of any guarantor or co-obligor of the Debtor, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, then existing or thereafter arising in law, equity, or otherwise, that are based on any guaranty or instrument executed by such Entity in its capacity other than as an authorized agent of the Debtor.**

**Nothing herein, however, shall operate to enjoin any party to the Bond Documents, Reimbursement Agreements, and/or Fifth Third Security Documents from exercising and/or enforcing their rights thereunder pursuant to the terms thereof.**

Respectfully submitted,

*/s/ Charity B. Neukomm*
DAVID M. CANTOR
CHARITY B. NEUKOMM
JAMES E. MCGHEE
TYLER R. YEAGER
SEILLER WATERMAN LLC
Meidinger Tower – 22nd Floor
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: cantor@derbycitylaw.com
E-mail: neukomm@derbycitylaw.com
E-mail: mcghee@derbycitylaw.com
E-mail: yeager@derbycitylaw.com
*Counsel for Debtor*

## CERTIFICATE OF SERVICE

      It is hereby certified that on January 6, 2015, a true and correct copy of the foregoing First Immaterial Modification to Debtor's First Amended Plan of Reorganization was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system to the electronic addresses as set forth in the ECF system to the U.S. Trustee and all other persons receiving electronic notifications in this case, and (b) mailed, first-class, postage prepaid, to all other persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served.

                                                          */s/ Charity B. Neukomm*
                                                          CHARITY B. NEUKOMM

G:\doc\DMC\7 Counties\Pldgs\Plan Amd1 - Mod1.docx