UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 13-31442-jal |
| | ) | |

**SECOND IMMATERIAL MODIFICATION TO**
**DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
✱ ✱ ✱   ✱ ✱ ✱   ✱ ✱ ✱

Comes the Debtor, Seven Counties Services, Inc. (the "Debtor"), by counsel, and hereby submits this Second Immaterial Modification to its *First Amended Plan of Reorganization* [DN 600] (the "Plan").

1. In order to address a formatting error contained in the *First Immaterial Modification to Debtor's First Amended Plan of Reorganization* [DN 615], the Debtor proposes that the Confirmation Order include the following Post-Confirmation Injunction, which modifies and supersedes the Post-Confirmation Injunction formerly requested in Section 12.4 of the Plan:

> **This Confirmation Order permanently enjoins the commencement or prosecution by any Entity, whether directly, derivatively, or otherwise, of any Claims, obligations, suits, judgments, damages, debts, rights, causes of action, or liabilities released pursuant to the Plan, including, without limitation, the releases set forth in Section 12.2.**
>
> **Except as provided in, or for the purpose of enforcing, the Plan, Confirmation Order, or any Plan Document, all Entities that hold or have held a Claim or other debt or liability against the Debtor that would be discharged upon Confirmation but for Bankruptcy Code § 1141(d)(3) are permanently enjoined, as of the Effective Date, from taking any of the following actions on account of any such Claims, debts, or liabilities: (a) commencing or continuing in any manner any action or other proceeding against the Debtor or its property (other than to enforce any right to a distribution pursuant to the Plan); (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtor or its property, other than as permitted pursuant to clause (a) above; (c) creating, perfecting, or enforcing any lien or encumbrance against the Debtor or its property; (d) asserting a right of setoff, subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtor; and (e) commencing or continuing any**

> **action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.**
>
> **All Entities that voted in favor of the Plan and hold, may hold, or have held any Released Claims are permanently enjoined, as of the Effective Date, from taking any of the following actions against any released Entity or its property on account of such Released Claims: (a) commencing or continuing in any manner any action or other proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a right of setoff, subrogation, or recoupment of any kind against any debt, liability, or obligation due to any released Entity; and (e) commencing or continuing any action, in any manner or in any place, that does not comply with or is inconsistent with the provisions of the Plan. For purposes of clarity, except as specifically provided in the Plan, this Confirmation Order, or any Plan Document, the Released Claims shall not be deemed to include Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities against or of any guarantor or co-obligor of the Debtor, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, then existing or thereafter arising in law, equity, or otherwise, that are based on any guaranty or instrument executed by such Entity in its capacity other than as an authorized agent of the Debtor.**
>
> **Nothing herein, however, shall operate to enjoin any party to the Bond Documents, Reimbursement Agreements, and/or Fifth Third Security Documents from exercising and/or enforcing their rights thereunder pursuant to the terms thereof.**

Respectfully submitted,

/s/ David M. Cantor
DAVID M. CANTOR
CHARITY B. NEUKOMM
JAMES E. MCGHEE
TYLER R. YEAGER
SEILLER WATERMAN LLC
Meidinger Tower – 22nd Floor
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: cantor@derbycitylaw.com
E-mail: neukomm@derbycitylaw.com
E-mail: mcghee@derbycitylaw.com
E-mail: yeager@derbycitylaw.com
*Counsel for Debtor*

## CERTIFICATE OF SERVICE

  It is hereby certified that on January 6, 2015, a true and correct copy of the foregoing Second Immaterial Modification to Debtor's First Amended Plan of Reorganization was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system to the electronic addresses as set forth in the ECF system to the U.S. Trustee and all other persons receiving electronic notifications in this case, and (b) mailed, first-class, postage prepaid, to all other persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served.

                   /s/ David M. Cantor
                   DAVID M. CANTOR

G:\doc\DMC\7 Counties\Pldgs\Plan Amd1 - Mod2.docx