UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 13-31442-jal |
| | ) | |

### ORDER CONFIRMING DEBTOR'S
### FIRST AMENDED PLAN OF REORGANIZATION
\* \* \*   \* \* \*   \* \* \*

Upon consideration of:

a. the *First Amended Plan of Reorganization* proposed by Seven Counties Services, Inc. (the "Debtor") on December 5, 2014 [DN 600] (the "Amended Plan"), the *First Immaterial Modification to Debtor's First Amended Plan of Reorganization* filed by the Debtor on January 6, 2015 [DN 615] (the "First Modification"), and the *Second Immaterial Modification to Debtor's First Amended Modification* [DN 621] (the "Second Modification," and collectively with the Amended Plan and First Modification, the "Plan");[1]

b. the Court's *Amended Order* entered on December 8, 2014, approving the Debtor's Disclosure Statement [DN 569] and Addendum to Disclosure Statement [DN 591] (collectively, the "Disclosure Statement") and setting a hearing on confirmation of the Plan [DN 603];

c. the *Certificate of Mailing* regarding service of the Notice of Availability of Plan Documents and ballots for accepting or rejecting the Plan [DN 613];

d. the *Objection to Debtor's Plan of Reorganization* filed by the United States Trustee [DN 606] (the "UST Objection");

e. the *Objection to Confirmation of the First Amended Plan of Reorganization* filed by the Kentucky Employees Retirement System and the Board of Trustees of the Kentucky Retirement Systems [DN 612] (the "KERS Objection");

f. the *Tabulation of Ballots* [DN 616];

g. the *Ballot* for the Class 2-C Claim of Iron Mountain Information Management, Inc. [DN 618];

---

[1] All terms and phrases not otherwise defined herein shall have the meanings ascribed to such terms or phrases in the Plan.

    h. the *Ballot* for the Class 3-B Claim of Iron Mountain Information Management, Inc. [DN 619];

    i. all oral representations, arguments, testimony, documents, filings, and evidence presented at or in connection with the hearing held before the Bankruptcy Court on January 6, 2015, to consider confirmation of the Plan (the "Confirmation Hearing"); and

    j. the entire record of this Chapter 11 Case, as to which the Bankruptcy Court takes judicial notice;

And it appearing to the Bankruptcy Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation of the Plan having been adequate and appropriate as to all entities (as defined in Bankruptcy Code § 101(15)) affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of Confirmation of the Plan and presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor:

THE COURT HEREBY FINDS that the Plan complies with all applicable provisions of Bankruptcy Code § 1129, that the Debtor, as plan proponent, has complied with all applicable provisions of the Bankruptcy Code, and that the Plan has been proposed in good faith and not by any means forbidden by law.

THE COURT FURTHER FINDS that pursuant to the Plan, holders of the following types of Allowed Claims against the Debtor shall be satisfied as follows:

    **Administrative Claims in General.** Except to the extent that a holder of a particular Allowed Administrative Claim has agreed, in writing, to alternative treatment, each holder of an Allowed Administrative Claim will receive cash from the Debtor equal to the amount of its Allowed Administrative Claim on the later of (a) the Effective Date or (b) the date such Allowed Administrative Claim becomes due according to the parties' normal business terms.

    **U.S. Trustee Fees.** All U.S. Trustee Fees shall be paid on or before the Effective Date. Following Confirmation, the Debtor shall continue to report its total

disbursements to the Office of the U.S. Trustee, and U.S. Trustee Fees shall accrue and be paid timely up to entry of the Final Decree in this Chapter 11 Case.

**Administrative Trade Claims.** The Debtor shall pay each Allowed Administrative Trade Claim in full, at its option, on the Effective Date or the date such Allowed Administrative Trade Claim becomes due according to the parties' normal business terms. The holder of an Administrative Trade Claim shall not be required to file any Proof of Claim or request allowance of such Administrative Trade Claim as an Allowed Administrative Claim unless the Debtor has refused a demand for payment according to the parties' normal business terms, in which event such Administrative Trade Claim shall be deemed a Disputed Claim for purposes of the Plan.

**Priority Tax Claims.** Except to the extent that a holder of a particular Allowed Priority Tax Claim has agreed, in writing, to alternative treatment, each holder of an Allowed Priority Tax Claim will receive the present value of its Allowed Priority Tax Claim in regular installments paid over a period not exceeding five (5) years from the Petition Date.

**Professional Fee Claims.** Professionals employed by the Debtor or the Estate pursuant to Bankruptcy Code § 327 shall continue to apply to the Bankruptcy Court to have their Fee Claims allowed as Administrative Claims in accordance with Bankruptcy Code §§ 330 and 331, as may be modified by any Final Order of the Bankruptcy Court. Each Professional employed under Bankruptcy Code §§ 327 or 1103 shall, unless specifically exempted from the requirements of Bankruptcy Code §§ 330 and 331 by Final Order of the Bankruptcy Court, file an application for a final award of such Professional's Fee Claim within thirty (30) days of the Confirmation Date in order to receive payment of the Allowed Fee Claim under the Plan. Subject to the Plan Proponent's claims and defenses concerning any disputed liability for services rendered or expenses incurred by any Professional or other Entity, which may be brought before the Bankruptcy Court or any other court of competent jurisdiction, the Bankruptcy Court shall not be required to award or otherwise authorize payment of fees and expenses to any Professional for services rendered or expenses incurred after the Confirmation Date unless the Confirmation Order is reversed, vacated, or otherwise terminated.

**Class 1 – Priority Claims.** Each holder of a Class 1 Claim will be paid in full, in cash, upon the later of the Effective Date or the date on which such Claim is deemed an Allowed Priority Claim by a Final Order.

**Class 2-A –Secured Claim Arising from Reimbursement Agreements with Fifth Third.** The Confirmation Order shall not affect the Debtor's or Fifth Third's rights and/or obligations arising under the terms of the Reimbursement Agreements and the Fifth Third Security Documents. Notwithstanding any other provision of the Plan or this Confirmation Order, upon the Effective Date, the Debtor assumes all obligations of the Reimbursement Agreements and the Fifth

Third Security Documents, and the parties shall be bound by the terms thereof. Class 2-A Claims shall continue to be secured by the Real Estate Collateral and the Personal Property Collateral pursuant to the Fifth Third Security Documents, and Fifth Third's mortgages and security interests therein are deemed to and shall remain continuously perfected therein until the Debtor's obligations thereunder are satisfied in full.

The Debtor shall reimburse Fifth Third for its attorneys' fees incurred after January 1, 2015, with respect to this Chapter 11 Case and allowed pursuant to Bankruptcy Code § 506(b) (the "506(b) Claim"). Except as may be provided for in a separate order from the Bankruptcy Court, Fifth Third shall submit to the Debtor invoices and other supporting documentation for its 506(b) Claim on the Effective Date or as soon as practicable thereafter, and the Debtor shall make payment to Fifth Third within thirty (30) days of such submission.

Fifth Third shall execute an intercreditor agreement and subordination agreement, in form and substance satisfactory to all parties thereto, which shall subordinate the Fifth Third lien in and to the Personal Property Collateral in favor of a new senior lender, only to the extent of the credit actually extended by such new senior lender, and in an amount not to exceed $7,500,000.00, at the request of the Debtor, but not earlier than the occurrence of all of the following events: (i) the Confirmation Order becomes a Final Order; (ii) the Debtor has satisfied in full the 506(b) Claim, as set forth above; and (iii) all payments to Fifth Third on account of its Class 2-B Claim have been satisfied in full.

**Class 2-B – Secured Claim Arising from Commercial Card Agreement with Fifth Third.** Between the dates that are thirty (30) days after the Effective Date and one (1) year after the Effective Date, the Debtor shall make twelve (12) regular monthly cash payments of $9,558.00 to the holder of the Class 2-B Claim. Upon receipt of all payments due under the Plan and Confirmation Order, all liens securing the Class 2-B Claim shall be deemed satisfied, and the holder of the Class 2-B Claim shall comply with all applicable laws and reasonable requests of the Plan Proponent to cause a release of such liens securing the Class 2-B Claim, except to the extent that such liens secure the Debtor's payment obligations arising under a Class 2-A Claim.

**Class 2-C – Secured Claim Arising from Rejection of Executory Contract with Iron Mountain.** Each holder of a Class 2-C Claim will have its Allowed Secured Claim paid in full, in cash, on the date that is thirty (30) days after the Effective Date. Upon receipt of the payment, the lien securing the Class 2-C Claim shall be deemed satisfied, and the holder of the Class 2-C Claim shall comply with all applicable laws and reasonable requests of the Plan Proponent to cause a release of the lien securing the Class 2-C Claim.

**Class 3-A – Unsecured Claims Arising from Bond Financing.** This Confirmation Order shall not affect the various parties' rights arising under the

Bond Documents. Notwithstanding any other provision of the Plan or this Confirmation Order, upon the Effective Date, the Debtor assumes all obligations of the Bond Documents, and all parties thereto shall continue to be bound by the terms thereof.

**Class 3-B – Unsecured Rejection Claims.** Between the Effective Date and the date that is six (6) months after the Effective Date, the Debtor shall make a sum total of $19,167.13 available for pro rata distribution to all holders of Class 3-B Claims. Other than as provided for in the Plan and Confirmation Order, the timing and frequency of payments to holders of Class 3-B Claims on account of such Claims shall be within the sole discretion of the Plan Proponent.

The Plan Proponent may increase the funds available for pro rata distribution to Class 3-B Claims, up to $50,000.00, to provide for full payment of the principal amount of all Allowed Claims eligible for Class 3-B.

**Class 3-C – General Unsecured Claims.** Between the Effective Date and the date that is six (6) months after the Effective Date, the Debtor shall make a sum total of $262,337.52 available for pro rata distribution to all holders of Class 3-C Claims. Other than as provided for in the Plan and Confirmation Order, the timing and frequency of payments to holders of Class 3-C Claims on account of such Claims shall be within the sole discretion of the Plan Proponent.

The Plan Proponent may increase the funds available for pro rata distribution to Class 3-B Claims, up to $500,000.00, to provide for full payment of the principal amount of all Allowed Claims eligible for Class 3-C.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Plan be, and hereby is, **CONFIRMED**.

AND IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except as specifically modified by this Confirmation Order, each and every section of the Plan is incorporated into this Confirmation Order as if fully set forth herein. In the event of any inconsistency between the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

AND IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the following Post-Confirmation Injunction shall apply as of the Effective Date:

This Confirmation Order permanently enjoins the commencement or prosecution by any Entity, whether directly, derivatively, or otherwise, of any Claims, obligations, suits, judgments, damages, debts, rights, causes of action, or liabilities released pursuant to the Plan, including, without limitation, the releases set forth in Section 12.2.

Except as provided in, or for the purpose of enforcing, the Plan, Confirmation Order, or any Plan Document, all Entities that hold or have held a Claim or other debt or liability against the Debtor that would be discharged upon Confirmation but for Bankruptcy Code § 1141(d)(3) are permanently enjoined, as of the Effective Date, from taking any of the following actions on account of any such Claims, debts, or liabilities: (a) commencing or continuing in any manner any action or other proceeding against the Debtor or its property (other than to enforce any right to a distribution pursuant to the Plan); (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtor or its property, other than as permitted pursuant to clause (a) above; (c) creating, perfecting, or enforcing any lien or encumbrance against the Debtor or its property; (d) asserting a right of setoff, subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtor; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

All Entities that voted in favor of the Plan and hold, may hold, or have held any Released Claims are permanently enjoined, as of the Effective Date, from taking any of the following actions against any released Entity or its property on account of such Released Claims: (a) commencing or continuing in any manner any action or other proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a right of setoff, subrogation, or recoupment of any kind against any debt, liability, or obligation due to any released Entity; and (e) commencing or continuing any action, in any manner or in any place, that does not comply with or is inconsistent with the provisions of the Plan. For purposes of clarity, except as specifically provided in the Plan, this Confirmation Order, or any Plan Document, the Released Claims shall not be deemed to include Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities against or of any guarantor or co-obligor of the Debtor, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, then existing or thereafter arising in law, equity, or otherwise, that are based on any guaranty or instrument executed by such Entity in its capacity other than as an authorized agent of the Debtor.

Nothing herein, however, shall operate to enjoin any party to the Bond Documents, Reimbursement Agreements, and/or Fifth Third Security Documents from exercising and/or enforcing their rights thereunder pursuant to the terms thereof.

AND IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all objections to confirmation of the Plan that have not been withdrawn or waived are overruled on the merits for the reasons stated on the record by the Court at the Confirmation Hearing.

AND IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon the Effective Date,[2] the Debtor and all other parties in interest are authorized and directed to take all actions necessary or appropriate to implement the Plan and to complete the transactions and documents contemplated by the Plan in form and substance reasonably acceptable to the Debtor.

AND IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court hereby retains jurisdiction to enforce the terms of the Plan and this Confirmation Order as set forth in Section 13.2 of the Plan.

AND IT IS FINALLY ORDERED that the Court hereby adopts and incorporates all oral findings of fact and conclusions of law made by the Court on the record at the Confirmation Hearing.

SO ORDERED.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 6, 2015

---

[2] As that term is defined in the Plan, provided that this Confirmation Order is not stayed or vacated by an appeal, the projected Effective Date is February 5, 2015.

DAVID M. CANTOR
PAUL J. HERSHBERG
CHARITY B. NEUKOMM
JAMES E. MCGHEE III
TYLER R. YEAGER
SEILLER WATERMAN LLC
Meidinger Tower – 22nd Floor
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: cantor@derbycitylaw.com
E-mail: hershberg@derbycitylaw.com
E-mail: neukomm@derbycitylaw.com
E-mail: mcghee@derbycitylaw.com
E-mail: yeager@derbycitylaw.com

G:\doc\DMC\7 Counties\Pldgs\Conf Ord.docx